[Decided March 4, 1890.]

*T. A. WOOD *v.* LOST LAKE MANUFACTURING COMPANY.

Corporations — Directors — Officers' Salary.— A director of a private corporation is not legally entitled to compensation for services rendered in the performance of duties appertaining to his office, unless it is provided for by a resolution or bylaw of the corporation adopted prior to the time of the performance of the services; nor will the auditing and allowance of a claim for such services by the board of directors of the corporation render it legally binding upon the corporation in the absence of proof of such prior resolution or bylaw. Where the president of a board of directors of a private corporation presented a claim for salary to the board, which it allowed, and the corporation thereafter made an assignment for the benefit of its creditors in accordance with the statute in such case made and provided, and the president subsequently presented to the assignee of the insolvent corporation a claim for the amount of salary so allowed, to which certain parties interested in the insolvent estate filed exceptions on the ground that the claimant had rendered no services as president, and the matter was thereupon tried by jury, and it appeared upon such trial that the bylaws of the corporation provided that the salary of the president and its other officers should be fixed by the board of directors, but that no agreement had been made or anything said upon the subject nor any action taken by the corporation in regard thereto prior to the time of such allowance

*Not heretofore officially reported.

by the board; *held*, that the claim was not a valid or binding obligation upon the corporation and could not legally be enforced against its estate in the hands of the assignee.

[*Syllabus by the Court.*]

Wasco County.   Defendant appeals.   Affirmed.

The Lost Lake & Columbia Manufacturing Company, a corporation organized under the laws of this state, on or about the twenty-third day of September, 1887, made a general assignment for the benefit of its creditors.   The corporation was organized about the first day of September, 1883, for the purposes of constructing and maintaining a canal and flume for a water-power, and of building and operating a mill to manufacture lumber at Hood River, Wasco County.   It thereupon engaged in the enterprise and business for which it was organized, and prosecuted the same until it made the assignment, during which time it manufactured and sold large quantities of lumber to divers parties.   On the seventeenth day of September, 1887, the mill was accidentally destroyed by fire, which occasioned the assignment.   The appellant was a stockholder and director in the corporation during its existence and was also the president of its board of directors.

It appears from the bill of exceptions that on the twenty-second day of September, 1887, the board of directors held a special meeting at which among other proceedings the following were had:   "Present:   B. P. Cardwell, T. A. Wood, and E. C. Miller, T. A. Wood in the chair.   The president reported that information had been received that on the morning of the 17th instant the sawmill owned by this company had been destroyed by fire.   A bill for salary was presented by the president, T. A. Wood, for $4,800.00.   On motion, the bill was ordered paid.   A bill for salary was also presented by the manager, E C. Miller, for $400.00.   On motion, the same was ordered paid"; that the board then proceeded to adopt a preamble and resolutions to the effect, that as the corporation was indebted in a sum exceeding $14,000.00, and as it had not

the money to pay the indebtedness, and as it was desirous the property should be equally divided among its creditors, that therefore the president and secretary be and were authorized, empowered and directed to make a general assignment of all its property for the benefit of its creditors, in pursuance of which the said assignment was made at the time aforesaid to one Joseph L. Melrath; that the said assignee duly qualified and entered upon the discharge of his trust; that subsequently the appellant presented a claim against the estate of the insolvent, including in the claim the said $4,800.00, which was allowed by the assignee. Thereafter, however, certain of the creditors of the estate, who had presented claims against it, filed exceptions to the appellant's said claim upon the ground that he had not rendered any service as president of the corporation during the time for which he had charged the salary allowed by the board; that the appellant filed an answer to the said exceptions, raising an issue of fact which was tried by jury.

It appeared on said trial that the bylaws of the corporation provided as follows: ''The salaries of the president, vice-president, and controller shall be fixed by the board of directors; those of all subordinate officers shall l be fixed by the manager, subject to the approval of the board.'' And it also appeared that there was no agreement that the appellant should receive any salary for acting as president, and nothing was said nor any action taken by the corporation in regard thereto, prior to the meeting of the directors before referred to, and their alleged proceedings at that meeting. Upon the trial of the said issue the jury returned a verdict that the appellant had a just and valid claim against the insolvent corporation for $1,429.91 for moneys advanced and interest, and for the further sum of $800 for services, making a total of $2,229.91. On this verdict the judgment appealed from was entered.

*E. B. Dufur,* for Appellant.

*J. H. Woodward,* for Respondent.

THAYER, C. J.—The appellant's counsel urged at the hearing two points with much force and reason: *First,* that the board of directors of the insolvent corporation having fixed and allowed the appellant's compensation for services as president of the board for the time charged,— $150 a month for the previous thirty-two months,— the allowance so made was conclusive upon the exceptors; *second,* that the uncontroverted testimony given on the part of the appellant at the trial proved as a matter of law that he was entitled to such allowance, and that it was error on the part of the jury to find thereon that he was only entitled to $800.

I was inclined to believe when the question was presented at the argument that the allowance of the appellant's claim by the board of directors, as shown by the proof, was at least *prima facie* evidence that he was entitled to the sum allowed. Section 3225, Hill's Code, provides: "From the first meeting of the directors the powers vested in the corporation are exercised by them, or by their officers or agents, under their direction, except as otherwise specially provided in this chapter." My first impression was that an allowance so made would be regarded as correct and valid unless impeached for fraud or collusion. . I find, however, upon an examination of authorities bearing upon the subject, that such an allowance on account of past services cannot legally be made; and some of them go so far as to hold that a board of directors of a corporation cannot contract with one of its own members for compensation unless authorized to do so by the charter of the corporation. In *Lone Association* v. *Stonemetz,* 29 Pa. St., the court, by PORTER, J., in the concluding part of the opinion, says: "If services of the director become important to the corporation, let him resign and enter its employment like any other man. If it be proper that directors generally should receive compensation, let it be so provided in the organic act which creates the body. Those who commit their money to its care will then do it with their eyes open. Until

this be provided there is no reason in law or morals for allowing their property to be taken without their knowledge or consent." The decision in this case is very pronounced that a resolution passed by a corporation after such services are rendered is without consideration, and imposes no obligation on the corporation which can be enforced by action. So also is the decision in *Kilpatrick* v. *The Penrose Ferry Bridge Co.* 49 Pa. St. 118. Both these decisions hold that corporations are not liable for services performed by their officers unless rendered in accordance with an express contract for compensation entered into prior to such performance. The same principle was also adhered to in *Cheeney* v. *L. B. & M. R. W. Co.* 68 Ill. 570. In the latter case a director in a railway corporation was appointed a member of the executive committee thereof, and acted as such for a length of time; he was also appointed an agent of the company to transact other of its affairs. He charged for his services in both cases, and presented a claim therefor to the company amounting to $4,000, which was audited by its executive committee, and the board of directors of the corporation at a meeting subsequently held by them appropriated $25,000 to pay this claim and certain other ones. The court in an action to enforce the payment of the said claim held that the claimant was not entitled to recover for the services rendered by him for the company as director; that in order to entitle him to recover compensation for such services it must have been provided for and fixed in the bylaws, or by resolution of the directors spread upon the minutes of their proceedings before the services were rendered. The court, however, held that the claimant was entitled to recover for services rendered for the company which did not pertain to his duty as such director. This doctrine was recognized as the law and maintained in *Graves* v. *Mono Lake Hydraulic Mining Co.*, decided by the supreme court of California and reported in the 27 Pac. Rep. 665. From these and a great many other authorities which might be cited, it

is evidently a settled rule of law that a director in a corporation acquires no legal claim against it for services performed by him in the discharge of duties pertaining to the office or trust unless a compensation therefor was fixed by a resolution or bylaw of the corporation prior to the performance of the services, and that the auditing and approval of such a claim by the auditing officers of the corporation does not impart to it legal validity.   If, however, services are performed by such director for the corporation at its instance and request in regard to matters outside of the duties devolving upon him by virtue of his office or trust, then he is entitled to claim compensation therefor upon a *quantum meruit*, although none had been fixed by the corporation prior to the performance thereof.

The appellant in this case therefore had no standing in court without proving that the compensation for the services claimed by him had been fixed by the corporation in the manner indicated, before they were rendered, or that said services were not germain to the duties of his position of trust, and that he was directed by the corporation to perform them.   Otherwise no legal objection can be established against the corporation although the services were rendered in the expectation of a remuneration therefor:   *N. Y. & N. H. R. R. Co.* v. *Ketcham*, 27 Conn. 170.   According to this view, which seems to be sustained by an overwhelming weight of authorities, the appellant had no legal right to demand the $4,800 for salary as president of the board of directors, notwithstanding his claim therefor had been approved by the board.   It is unnecessary, therefore, to consider the second question presented by the appellant's counsel, which is above set out, nor the instruction of the court as to the right of the jury to inquire into the merits of the appellant's claim.

The instruction, under the strict rules of law, was more favorable to the appellant than the court was authorized to give.   The appellant may have been justly entitled, in

morals, to the salary claimed; but, unfortunately for him, the law does not recognize his claim therefor as a legal obligation. The services for which the appellant claimed compensation were a part of the duties of his office, and compensation therefor not having been fixed as suggested, cannot be enforced. The judgment appealed from must, for the reasons mentioned, be affirmed.