BROWN v. REPUBLICAN MOUNTAIN SILVER MINES, LTD.

1. DIRECTORS' COMPENSATION—ORDINARY DUTIES.—Directors of a corporation are not entitled to compensation for their services as directors, unless such compensation is provided for or expressly sanctioned by the charter.

2. SAME—EXTRAORDINARY SERVICES.—If a director render services to the corporation clearly outside of his duties as a director in pursuance of an antecedent appointment or employment by competent corporate authority,—that is, in pursuance of an express contract entered into in good faith, and the services be such as the company may legally contract for, he may recover compensation therefor.

*Quære :* Whether a director may recover at all upon an implied contract; but *held* that he certainly cannot recover compensation for services rendered by himself to his corporation *upon an implied contract,* unless it be established by a clear preponderance of the evidence, first, that the services were clearly outside of his ordinary duties as a director, and, second, that they were performed under circumstances sufficient to show that it was well understood by the proper corporate officers as well as himself that the services were to be paid for by the corporation.

*Error to District Court of Clear Creek County.*

ACTION against a mining corporation by one of its directors to recover compensation as managing director. Judgment of nonsuit.

From the record it appears that the defendant below, "The Republican Mountain Silver Mines, Limited," was a

mining corporation organized under the laws of Great Britain, and that it was engaged in the business of mining in Clear Creek county, Colorado, between the years 1880 and 1890; and, further, that J. Warren Brown, plaintiff below, was one of the directors and also the managing director of said company during most of said period.

The plaintiff Brown was a resident of Freehold, N. J., and had his place of business in New York city. He first became managing director of the defendant company in 1882. In this action he sues to recover the sum of fifteen thousand ($15,000) dollars as the value of his services as managing director for the period of five years from May, 1884. He makes no claim for compensation as managing director for the period prior to May, 1884, but admits that he received his share of the six hundred pounds per annum provided for the directors. · He claims that he did not do as much for the company as managing director prior to 1884 as he did afterwards. He bases his claim to compensation for the five years following May, 1884, upon the ground that his duties as managing director were equivalent to those of general superintendent; that he exercised the combined powers of the board of directors, though subject to the board; that is, that he filled the place of mining superintendent, and, in addition, had the general direction of the affairs of the company.

The evidence, however, shows that the defendant company had a mining superintendent residing in Clear Creek county, Colorado, who gave special attention to the company's business, subject of course to the control and direction of the plaintiff as managing director; that plaintiff generally came twice a year to Colorado to look after the business of the company, particularly to give attention to certain litigation; that he did this prior to May, 1884, as well as afterwards; and that he also made several trips between London and New York on the company's business. The defendant company reimbursed plaintiff for traveling expenses and all expenditures of money made by him in behalf of the company,

so that this suit is based entirely upon his claim for compensation for services rendered as managing director during the five years aforesaid.

Plaintiff was one of the largest stockholders of the defendant company, owning about one half the entire stock, and a larger amount of the preferred stock than any other stockholder.

The following extracts from the charter of the defendant company were in force during the period covered by this litigation.

"Section 88. The office of a director shall be vacated if he accepts or holds any other office or place of profit under the company, except that of managing director, manager or agent of the company, or of a member of a local board or local committee of management. * * * "

"Section 90. * * * The remuneration of the directors shall be a sum of £600 per annum, to be paid out of the profits of the company, and to be divided amongst them as they shall determine. The said remuneration of £600 to be increased at the rate of £50 for every two per cent of yearly dividend or bonus paid to the shareholders after the first ten per cent per annum, provided, always, that the said remuneration shall not begin to accrue until the company's mines are being worked at a profit."

"Section 91. If any director shall be called upon to go or reside abroad on the company's business, or otherwise perform extra services, the board may arrange with such director for such special remuneration for such services, either by way of salary, commission or the payment of a stated sum of money as they shall think fit."

Messrs. MORRISON & FILIUS, for plaintiff in error.

Mr. CHARLES E. GAST, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

At the close of plaintiff's evidence the district court upon

defendant's motion rendered a judgment of nonsuit upon the ground that plaintiff had failed to prove a sufficient case for the jury. Code, sec. 166. This action of the court is assigned for error, and it is the only matter urged in argument for reversal. The ground of defendant's motion for nonsuit was, that there could be no recovery in the case since there was no evidence of an express agreement or arrangement between the plaintiff Brown and the defendant company by which he was to have compensation for the services sued for.

The doctrine is generally accepted that directors of a corporation are not entitled to compensation for their services as directors unless such compensation is provided for, or expressly sanctioned, by the charter. Without such authority the directors cannot lawfully vote compensation to themselves for the performance of their ordinary duties, nor can they accomplish such end indirectly,—as by designating one of their number " Managing Director " and giving him a salary for the performance of such ordinary duties as are devolved by the charter upon the board of directors.

If, however, a director render services to the corporation clearly outside of his duties as a director in pursuance of an antecedent appointment or employment by a majority of the board, and the services be such as the company may legally contract for, he may recover compensation therefor. The more stringent rule is that to justify a recovery of compensation under such circumstances the employment must be by express contract as by a resolution of the board duly adopted and recorded before the services are rendered, or, by other equally competent and definite evidence. Some modern decisions announce a more liberal rule, to the effect, that for services rendered by a director not embraced in his ordinary duties as such, his employment by the corporation and its promise to pay therefor, may be implied or inferred from the facts and circumstances of the case, thus allowing a recovery as upon a *quantum meruit*.

There are many reasons for adhering to the more stringent rule. Ordinarily, the directors of a corporation are entrust-

ed with extensive powers in the management of its affairs; they occupy positions of trust and confidence with reference to the corporate body and its stockholders; the relation is of a fiduciary character; hence, in the performance of their duties as representatives of the corporation, especially in matters where their individual interests are also concerned, the law exacts of them the utmost good faith and fair dealing.

But even if the more liberal rule may be resorted to in some cases, it certainly should be held that a director cannot recover compensation for services rendered by himself to his corporation *upon an implied contract* unless it be established by a clear preponderance of the evidence, first, that the services were clearly outside his ordinary duties as a director, and, second, that they were performed under circumstances sufficient to show that it was well understood by the proper corporate officers as well as himself that the services were to be paid for by the corporation. 1 Morawetz on Corporations, secs. 508, 516; 2 Waterman on Corporations, sec. 265; Taylor on Corporations, secs. 612, 646, 647; *Loan Ass'n v. Stonemetz,* 29 Pa. 535; *Kilpatrick v. Penrose Ferry Bridge Co.,* 49 Pa. St. 118; *Martaindale v. Wilson-Cass Co.,* 134 Pa. St. 348; *Cheeney v. L. B. & M. Ry. Co.,* 68 Ills. 570; *Utica Ins. Co. v. Bloodgood,* 4 Wend. 652; *Mather v. E. & M. Co.,* 118 N. Y. 629; *McAvity v. Lincoln P. & P. Co.,* 82 Me. 504; *Eakins v. White Bronze Co.,* 75 Mich. 568; *Citizens Nat. Bank v. Elliott,* 55 Ia. 104; *Pew v. Gloucester Nat. Bank,* 130 Mass. 395; *Fitzgerald Cons. Co. v. Fitzgerald,* 137 U. S. 98; *Ten Eyck v. Railroad Co.,* 74 Mich. 226.

It is unnecessary in this case to decide which of the rules above stated is to be preferred. The ruling of the trial court to the effect that the plaintiff's evidence did not prove a sufficient case for the jury was, in our opinion, correct according to either rule.

The charter as offered in evidence does not provide in terms that the services of a managing director shall be remunerated. The plaintiff does not base his claim upon the contingencies specified in section 90 of the charter; and there

is no evidence that the board made any arrangement with plaintiff for his special remuneration as indicated by section 91. It is not contended that the evidence shows an express contract by the defendant company to pay plaintiff for his services as director or as managing director. It is conceded that plaintiff was not entitled to compensation as managing director prior to May, 1884, though he held that position during 1882 and continuously thereafter until the bringing of this action.

It is admitted that plaintiff was reimbursed for his traveling expenses and for all expenditures of money out of pocket made in the service of the company. He was a member of the board of directors and attended their meetings during the five years for which he now claims compensation, and yet no agreement or arrangement was entered into in respect to such compensation. The evidence may, perhaps, show that he gave more attention to the business of the corporation after May, 1884, than before that time; but it does not show that the character of his duties as managing director were essentially different from and after that date, nor that he at any time rendered services for the defendant company clearly outside of the proper duties of a director or of the board of directors.

From all the facts and circumstances shown in evidence it is clear that the jury would not have been justified in sustaining his claim to recover in the action upon the basis of an implied contract, even if such basis were to be held sufficient in law. The judgment of nonsuit was, therefore, proper, and must be affirmed.

*Affirmed.*