**[No. 3627.]**

THE RUBY CHIEF MINING & MILLING CO. v. PRENTICE.

1. CORPORATION—DIRECTOR—COMPENSATION FOR SERVICE.
    A director of a mining corporation may recover compensation from the company for services performed outside of his duties as director, either under an express or implied contract.

2. PRACTICE—INSTRUCTIONS—EXCEPTION.

Instructions given in the nature of a general charge, not separately numbered, or divided by paragraphs, were excepted to as follows: "To the giving of said instructions and each paragraph thereof said defendant by its counsel then and there duly excepted." Under such an exception this court will not consider alleged errors in the charge.

3. SAME.

A party may not be heard in an appellate tribunal to complain of mere nondirection upon the part of the trial court, unless he has specifically pointed out the omission, and requested that court to instruct in reference thereto; nor, when part of an instruction is complained of unless the same is quoted *totidem verbis* as required by Rule 11 of this court.

*Error to the District Court of Arapahoe County*

Messrs. ROGERS, CUTHBERT & ELLIS, for plaintiff in error.

Mr. JOHN S. MACBETH, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The object of this action was to recover for money advanced, articles furnished, and services rendered, by plaintiff's assignor to the defendant company at its request. There have been two trials, the first one resulting in a verdict and judgment for $4,078, made up of two items, viz: $4,000 for money advanced, and $78.00 for articles furnished. Upon appeal from that judgment to this court, it was held, upon the uncontroverted testimony in the record then before the court, that $2,700 of the amount included in the verdict was not advanced, or applied, or so intended, to the defendant's use, and for that reason the judgment was set aside, and the cause remanded. *Mining & Milling Co. v. Gurley*, 17 Colo. 199.

Pending that appeal, Gurley assigned his interest in the claim to the plaintiff here, Mrs. L. B. Prentice, and upon the second trial she was substituted as plaintiff, and recov-

ered judgment for the full amount of the claim and interest, aggregating $12,819.40, of which amount she voluntarily remitted $1,000. From the judgment as entered the defendant has appealed, and here assigns various errors of the trial court as grounds for reversal.

The abstract has been imperfectly made up, and we have been obliged to refer to the transcript in order to obtain full and correct information of the proceedings below.

Only two general propositions are relied on in argument: *first*, that the evidence was insufficient to justify the verdict; *second*, that the court erred in some of its instructions. As to the first ground, it is enough to say that after a careful examination of the record we find that, although the evidence is conflicting, yet there is clear, positive and direct testimony in support of each of the claims made by the plaintiff, and entirely sufficient to warrant the verdict of the jury.

The plaintiff's assignor was a director of the defendant company, and one of the defenses was that the nature of the services which he claims to have performed are strictly within the scope of the ordinary and usual duties of a director, and, as such, not recoverable; while the plaintiff contends that they clearly fell outside such scope, and for them an action lies.

The evidence tends to show—and so the jury must have found—that the services performed were not such as devolved upon the plaintiff's assignor as a director, but were clearly outside thereof, and in the nature of the duties of a general manager, or superintendent, of the mine. Under the later and better reasoned cases, for such services a recovery may be had either under an express or implied contract. *Corinne M. C. & S. Co. v. Toponce*, 152 U. S. 405.

In *Brown v. Silver Mines*, 17 Colo. 421, there was no occasion to announce the rule that should govern in this jurisdiction, nor, as a matter of fact, was there any such ruling. In the absence of a controlling precedent of our own, it is a salutary general rule to follow the decision of the supreme

court of the United States. For services clearly outside the director's duties, as a director, we think there may be a recovery, as upon *quantum meruit*, under, and in accordance with, what, in *Brown v. Silver Mines, supra,* is denominated the "more liberal rule."

The testimony being in conflict as to these questions of fact, we must accept the verdict of the jury as conclusive unless the court committed error in its instructions. These instructions were in the nature of a general charge, not separately numbered, or divided into paragraphs, and undoubtedly contained several statements that were correct as legal propositions, and pertinent to the issues. The language of the exception to the charge was as follows : " To the giving of said instructions and each paragraph thereof, said defendant by its counsel then and there duly excepted."

Under such an exception this court has repeatedly held that it will not consider alleged errors occurring in the charge. The cases beginning with *K. P. R. R. Co. v. Ward,* 4 Colo. 30, down to *Miller v. The People,* 23 Colo. 95, are uniform to the effect that the appellate court will not permit a party to lie by without calling the attention of the trial court to the particular error in law complained of, and then, for the first time, seek to take advantage of it in a court of review. There is nothing in the case of *Ritchey v. The People,* 23 Colo. 314, to shake this unbroken line of decisions, for in that case the instructions were separately numbered and divided into separate paragraphs, and in such case the rule followed here is inapplicable, and the exception, as reserved, was held sufficient.

We find, moreover, upon an examination of the record, that, aside from the point that, under the law, there can be no recovery at all by plaintiff, the substantial objection which the plaintiff in error now makes to the instructions as given by the court is that the court did not go far enough, and fully instruct the jury as to the whole of the law applicable to the case ; but instead gave only a partial and insufficient direction. But under the well-established rule of this court,

a party may not be heard in an appellate tribunal to complain of mere nondirection upon the part of the trial court, unless he has specifically pointed out the omission and requested that court to instruct in reference thereto. The plaintiff in error neither having called the trial court's attention to such nondirection, nor having asked or tendered an instruction covering the point, is not now in a position to complain. *D. & R. G. R. R. Co. v. Ryan*, 17 Colo. 98; *Brown v. The People*, 20 Colo. 161; *Denver Tramway Co. v. Lassasso*, 22 Colo. 444.

In addition to this, under none of the assignments is the plaintiff in error entitled to a consideration of alleged error in the instructions, for the parts excepted to are not quoted as Rule 11 requires. The foregoing, however, does not apply to the three instructions asked by the defendant and refused by the court,—each of which was separately numbered. But upon an examination we find that the court committed no error in refusing them. Instruction No. 1 asked for a direction to the jury to disregard $2,700 of the amount which plaintiff's assignor claimed to have advanced to the company. There was nothing in the evidence justifying any such request. The second instruction, in so far as it stated the law, was given by the court of its own motion. So, also, was the third instruction asked by the defendant given by the court in substance, although as a matter of fact the transcript, so far as we are able to ascertain, contains no such request as is embodied in the third instruction as set out in the abstract.

Considering the entire record, we think that the judgment should be affirmed, and it is so ordered.

*Affirmed.*