## John Eddy v. Edward Barry, Receiver of the Interstate Building and Loan Association.

1. BUILDING AND LOAN ASSOCIATIONS—*Officers Not Entitled to Pay for Services.*—No officer except the secretary of a building and loan association, organized under the statutes of this State, can be allowed pay for services rendered by him for such association, and a contract or agreement by such an association to allow its president or other officer pay for services rendered, is *ultra vires* and against public policy, although the association has received the benefit of such services.

**Assumpsit**, for services. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

A. E. DeMANGE, attorney for appellant.

JOHN J. MORRISSEY, attorney for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

In May, 1898, the auditor of this State filed in the Circuit Court of McLean County a bill in chancery against the Inter-State Building and Loan Association of Bloomington, Illinois, to have the court declare it insolvent, decree its dissolution, and compel its liquidation. And in pursuance thereof, and for the purpose indicated, appellee was by that court then appointed receiver of said association, and he took possession of its property. The court afterward made an order directing all persons having claims against the association to present same to the court for adjudication and allowance, if same were found valid.

Afterward appellant, John Eddy, presented to the court a claim of $500 for services rendered by him prior to May, 1898, for the association, in the inspection of real estate mortgaged to it.

Appellee objected to the allowance of the claim upon the ground that appellant was both a director and the president of the association when he was employed and per-

formed the services in question, and for that reason ought not to be paid by it therefor, and the court referred the claim to the master in chancery to take testimony and report same with his legal conclusions thereon.

The master took testimony and reported that the claim of appellant was for services performed by him for the association at the request of its directors while he was its president, and was for examining and appraising real estate of the association in the city of Chicago and surrounding towns, and for making two trips to the city of Pittsburg, and one trip each to the cities of Altoona and Johnstown in Pennsylvania, and examining and appraising the property of the association in said cities, preliminary to the scaling of the assets of the association, as directed by the auditor of this State; that claimant spent about two months' time in performing said work, and that the directors, the secretary and manager of the association, at a meeting held by them before said work was done, stated that the claimant should be paid therefor, but did not fix the amount he should be paid, or make a written record of their action in the matter; that afterward the association gave claimant a check for $500 for said services, but before same was collected by him, the property of the association was taken possession of by the auditor of this State, and its payment stopped; that said services were not such as were usual or required to be performed by the president of the association, but were unusual services which did not pertain to his office of president; that the directors and manager had the legal right to employ claimant to perform said special services, and $500 is a reasonable charge for same, and that amount ought to be allowed him therefor.   Appellee filed with the master, written exceptions to his report, which were by him overruled.   The exceptions were afterward presented by appellee to the court, and it heard the claim on the evidence taken by the master, his report and appellee's exceptions thereto, and entered an order finding that the claim is not a valid legal obligation against the association, disallowed it, and taxed the costs to claimant.   Appellant

excepted and was allowed an appeal to this court, which appeal he prosecutes and insists that the finding and order of the court on the claim are against the law and the evidence.

The Inter-State Building and Loan Association of Bloomington, Illinois, was organized March 27, 1889, under the act of 1879, authorizing the incorporation of building and loan associations in this State, and thereafter it began doing business on what is called the national plan, by establishing branch offices in several of the States and obtaining shareholders in each, to whom it made loans upon real estate there situated.

Appellant became a director of the association at the time it began doing business, and continued to act as such until appellee was appointed its receiver; and in 1896, he become its president also, and acted as such from then until the receiver was appointed.

In the winter of 1898, the auditor of this State, from an inspection of the assets of the association and its manner of doing business, was of the opinion that its shareholders were in danger of sustaining loss, and he suggested a scaling down of the book value of its real estate mortgages to their real value.

The president, secretary and directors of the association, fearing that the auditor might take steps, under our statute, to compel a dissolution of the association and compel its liquidation, employed appellant to ascertain the real value of its real estate mortgages, and for that purpose to go to the cities of Chicago, Pittsburg, Altoona, Johnstown and Philadelphia, where much of the real estate upon which it held mortgages was situated, and after inspecting same, to report its real value, to the end that the assets of the association might be scaled down from their book value to their real value, and the loss, if any, charged up to its shares in good standing, in accordance with section 4 of its by-laws, which is as follows:

"Section 4. If the undivided profits on hand at any time are not sufficient to pay any loss that may occur, the balance shall be charged up to the shares in good standing

*pro rata* in proportion to the value thereof, and if any share is withdrawn, the amount so charged shall be deducted from the amount due on such share."

And they gave appellant $420 for the purpose, agreeing to pay him all the expenses he incurred and a reasonable amount in addition as compensation for his services, but no record was made of this arrangement.    He accepted the employment, did the work, made report, and claimed the $420 was exhausted in expenses, and that he ought to have $500 as compensation for his services.

The statute under which the Inter-State Building and Loan Association was incorporated, expressly provides that no officer of such association, except its secretary, can be allowed pay from it for services rendered by him for it, and in Equitable Building & Loan Association v. Fritze, 83 Ill. App. 18, affirmed in 186 Ill. 183, it was held that a written contract made by the board of directors of such an association with its vice-president to pay him a certain sum of money for services which were beneficial to it would not be enforced against the association as to the unexecuted part of it, because such contract was *ultra vires* and against public policy, although the association had received the benefit of the service and paid a part of the contract price.

The evidence in this case conclusively established the fact that appellant was both director and president of the Inter-State Building and Loan Association when he agreed with its directors and secretary to perform the services in question in this case, as also when he performed them; so that the trial court, for that reason, properly ordered his claim disallowed, and its order will be affirmed.