HENRY v. MICHIGAN SANITARIUM & BENEVOLENT ASS'N.

1. CORPORATIONS—TRUSTEES—EMPLOYMENT—COMPENSATION.
    Though the dealings of a director or trustee of an ordinary corporation with the board of which he is a member are closely scrutinized, there is no rule which precludes such trustee from contracting to perform outside service for which he is to be paid.

2. SAME—CHARACTER OF SERVICES.
    A director or trustee of a corporation who claims compensation for services must make it appear, not only that such services fall outside the scope of his regular duties, but that they were performed under circumstances sufficient to show that it was understood by the corporate officers as well as himself that the services were to be paid for by the corporation.

3. CHARITIES—CORPORATIONS—TRUSTEES—COMPENSATION.
    Section 8292, 3 Comp. Laws, expressly precludes the trustee of a charitable corporation from receiving compensation for

services in the rendition of which the officers have simply acquiesced, however strong the inference may be that compensation was expected, but the employment must be by the board of trustees in order to bind the corporation.

4. SAME—EMPLOYMENT.
The appointment by the board of trustees of a charitable corporation of a member of the board as a member of the building committee having supervision over the construction of a sanitarium, and the act of the chairman of the board in informing him that the corporation wanted to hire him and would pay for his services to work for the sanitarium, do not constitute a contract of employment by the board of trustees under section 8292, 3 Comp. Laws, nor entitle the trustee to his pay for services performed in reliance on such contract.

Error to Calhoun; Hopkins, J. Submitted November 15, 1906. (Docket No. 79.)` Decided February 5, 1907.

Assumpsit by Archibald R. Henry against the Michigan Sanitarium & Benevolent Association for services rendered. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*D. C. Salisbury* ( *R. J. Kelley,* of counsel), for appellant.

*Jesse Arthur,* for appellee.

MONTGOMERY, J. The defendant corporation is organized under chapter 224, 3 Comp. Laws. The plaintiff was, from 1902 until after the services for which he seeks to recover had terminated, one of the trustees of defendant. In the month of February, 1902, the sanitarium buildings were totally destroyed by fire, and some time thereafter its board of trustees decided to rebuild on the site of the old sanitarium. On March 25, 1902, at a meeting of the board of trustees, by vote of the board, a building committee was appointed, consisting of the plaintiff, Dr. C. E. Stewart, and Dr. J. H. Kellogg. The building committee remained in existence from the time of its ap-

pointment until the completion of the new sanitarium in June, 1904. Dr. Kellogg was chairman of the board of trustees, and had general management of the business part of the sanitarium about the time of the fire. About the time the building committee was appointed Dr. Kellogg informed plaintiff that the defendant wanted to hire him and would pay for his services to work for the sanitarium. The building committee had general supervision over the erection of the new sanitarium. It held meetings at 10 o'clock every day to consider the necessities of the hour and to determine what would be done. This committee met from 75 to 100 times during the time that plaintiff was working for defendant. Plaintiff's claim is stated in the brief as follows:

" Plaintiff in this case does not claim any compensation for services which he rendered as trustee, and he is seeking to recover in this case only for services which he rendered outside of his duties as trustee of defendant corporation, and among his duties enumerated above he was obliged to go over the country transacting business connected with the new sanitarium. He went to Detroit several times to look after freight rates; he went to Chicago several times for the same purpose; he secured a rate that was one-half or less of the regular rate. He took a trip to West Baden, Ind., to look at some new structures there. His authority was such that he discharged John McMichael, who was first employed as mechanical superintendent."

At the close of plaintiff's case the trial judge directed a verdict for defendant on the ground that there had been no contract to pay plaintiff for this service shown. Section 5 of the act of incorporation, being section 8292, 3 Comp. Laws, contains the following:

"No trustees of such corporation shall be entitled to any conpensation except under some special employment by the board or authority expressed in the original deed or instrument of trust."

Section 2, article I, of the by-laws of the defendant corporation, provides as follows:

"By a vote of not less than six trustees, any of the business of the corporation may be delegated to a committee of one or more trustees; such business may be a particular item of business, or a specified class of business. Such delegation shall be by resolution duly entered into the record book of the trustees."

It is contended that the employment of plaintiff was outside his duties as trustee, and that the statute quoted presents no obstacle to his recovery of compensation for such services.    While the dealings of a director or trustee of a corporation with the board of which he is a member are closely scrutinized, there is no rule which, in the case of an ordinary corporation, precludes such trustee from contracting to perform outside service for which he is to be paid.    *Ten Eyck* v. *Railroad Co.*, 74 Mich. 226 (3 L. R. A. 378).    But, even in cases where there is no restriction placed upon the right to compensation, it is a well-understood rule that a director or trustee who claims compensation for services must make it appear, not only that such services fall outside the scope of his regular duties, but also that they were performed under circumstances sufficient to show that it was understood by the corporate officers as well as himself that the services were to be paid for by the corporation.    See note to *Ten Eyck* v. *Railroad Co.*, 3 L. R. A. 378 (74 Mich. 226); *Brown* v. *Silver Mines*, 17 Colo. 421 (16 L. R. A. 426); *Eakins* v. *Bronze Co.*, 75 Mich. 568.    The present case is not to be determined by the general rule alone, but by a construction of the defendant's charter.    The section above quoted expressly precludes the trustee from receiving compensation for services in the rendition of which the officers have simply acquiesced, however strong the inference may be that compensation was expected.    It is clear, also, that any contract with Dr. Kellogg cannot aid plaintiff.    The employment must be by the board in order to bind the corporation.    The only evidence of a special employment of plaintiff by the board consists of his ap-

pointment as a member of a building committee. This falls far short of constituting a special employment which both parties expected to be compensated. Most boards of trustees repose in special committees certain powers, but always it is apprehended with the understanding that, when acting as a member of a committee, the trustee is really performing his duty as such. See *Pew* v. *National Bank*, 130 Mass. 391.

We must hold that the action of the board in this case did not amount to a special employment, entitling plaintiff to compensation, and that the circuit judge properly directed a verdict for defendant.

Judgment affirmed.

CARPENTER, OSTRANDER, HOOKER, and MOORE, JJ., concurred.