No. 8700.
Orleans Appeal.

---

## COLORED SCREWMEN'S BENEVOLENT ASSN. No. 1 OF LOUISIANA v. THOMAS P. WOODLAND, Appellant.

---

(November 3, 1924, Opinion and Decree.)
(February 2, 1925, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest, Associations, Par. 5, 17.

Where a Colored Benevolent Association votes its President an automobile without naming any price and the President purchases the car, paying ninety per cent of all money in the treasury therefor, the transaction cannot be justified as compensation supplementing the President's salary of $10.00 per month.

2. Louisiana Digest, Associations, Par. 5, 17; Corporations, Par. 154.

Under such circumstances, the action of the Association is *ultra vires*, and the President thereof will be held liable for the return of the money paid for his automobile.

(Civil Code, Art. 433 and 439—Editor's Note.)

Appeal from Civil District Court, Parish of Orleans, Division "E", Hon. Wynne G. Rogers, Judge.

This is a suit to recover the cost of an automobile given the president of an association.

Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

E. Rightor and S. S. Goldman, attorneys for plaintiff and appellee.

E. A. Parsons, attorney for defendant and appellant.

WESTERFIELD, J. The defendant was for thirteen years the president of the plaintiff corporation, a negro benevolent association and *ex officio* "Walking Delegate". As president, he received ten dollars per month and as "Walking Delegate" thirty dollars per week. During the thirteenth and last year of defendant's incumbency, the association voted him an automobile by the adoption of the following resolution:

"Whereas, through the untiring energy and supreme and successful efforts of our most highly · honored and esteemed president, T. P. Woodland, our organization is entering a period of unprecedented prosperity, and

"Whereas, we believe Bro. Woodland is justly due our highest credit for his success in the past in our behalf and encouragement for his future activities,

"Be it resolved, that this association purchase and present to our president, T. P. Woodland, an automobile of his own selection in grateful remembrance and our heartfelt appreciation for his incalculable services herein stated."

The defendant purchased the automobile at a cost of $1,750.00, which ·was paid for in installments by the plaintiff corporation. The defendant was not re-elected and his successor caused this suit to be filed against him in the name of the corporation, claiming $1,750.00, the amount paid for the automobile, alleging the action of the association in presenting defendant with the automobile was *ultra vires* and contrary to the charter, constitution and by-laws of the association, and that the gift of the automobile was without consideration and an improper .diversion of the funds of the association.

The defendant contends that the automobile was given as compensation for services rendered and fully justified by the constitution and by-laws.

It is not pretended that the giving of the automobile was an act of benevolence in accord with the objects and purposes of the organization,. consequently it must be · justified, if justified it can be, upon the ground that there was consideration for it. Defendant says the consideration was his long and efficient services as president.

The constitution quite unnecessarily provides that the funds of the association can only be expended for purposes specified in the constitution and by-laws. The salary of the president of the association is fixed at $10.00 per month in the following language:

"For the faithful performance of his duty he shall receive ten dollars ($10.00) per month, and such other compensation that may from time to time be fixed by the association."

The words "and such other compensation that may from time to time be fixed by the association" are seized upon by defendant's counsel as imparting ample authority for the action of the association or, as counsel puts it, "acting under such mandate, the association voted that the said compensation should consist of an automobile".

We are referred to eminent lexicographers and to the standard work of Mr. Crabb on Synonyms to remind us of the distinction between the words "salary" and "compensation", and while we applaud counsel's zeal and thoroughness, the only difference so far as this ·case is concerned, which is perceptible to us, is the difference between the payment of small sums at regular intervals and the payment of a large sum at one time for what the association gave defendant was money. Moreover, no price is mentioned in the· resolu-

tion as to the cost of the automobile, and defendant settled that little detail by buying a car costing about 90% of all the money in the treasury of the corporation, including funds set aside to bury its members.

The resolution states as one of the reasons for giving the automobile, that "through the untiring energy and supreme and successful efforts of our most highly honored and esteemed president, T. P. Woodland, our organization is entering a period of unprecedented prosperity". We are not advised as to the state of prosperity the association was accustomed to enjoy, therefore, cannot say whether the condition of the association at the time of the gift of the automobile was unprecedented or not, but if the organization was entering any sort of prosperity, unprecedented or otherwise, the entrance must have been like the entrance to the abode of Beezlebub and the fallen angels in Paradise Lost, "impenetrable, impaled with circling fire, yet unconsumed", for, according to the record, the total of all cash in the treasury was $2,000.00, the sick who under the charter of the association were entitled to $7.50 per week were only getting $3.50. In fact, it would appear that nothing but the good health of the members saved the association from collapse, for a few death benefits would have been the last straw. In this situation, the president is given $1,750.00 with many fulsome phrases by a vote of 49 to 4 out of a total of 330 members. We attribute the action of the 49 to the domination of the president. In any event, it was an improper diversion of the funds of the association for which the president as the beneficiary is legally liable.

In Brown vs. DeYoung, 47 N. E. 864, it was held:

"It is undoubtedly the law that a director of a corporation is not entitled, as against non-assenting stockholders, to receive a salary, however justly earned, unless previously authorized by the by-laws of the corporation, or by resolution of the board of directors. Conceding such to be the law it is admitted that DeYoung (the officer who had received additional salary) is acountable for the excess of salary received by him over the authorized sum of $500.00 per year."

In Danville H. & W. Ry. Co. vs. Kase, 39 Atl. 308, it was held:

"If the work (of the officer) had been preceded by a contract for reasonable compensation he would be entitled to a credit for the contract price. But up to November 9, 1871, there was no semblance of a contract. Then the board undertook by a retroactive resolution to compensate him at the rate of $15,000.00 per year from March 21, 1863, until next election. The law is settled (Loan Assn. vs. Stonemetz, 29 Pa. St. 534), that no officer of a corporation can receive any compensation for the performance of official duties except by express contract preceding the rendering of the services."

In Wood vs. Lost Lake Co., 23 Pac. 848, the court said:

"The appellant in this case (the officer claiming the salary) had no standing in court without proving that the compensation for the services claimed by him had been fixed by the corporation before they were rendered."

The defendant had been paid a salary of $10.00 per month by the plaintiff corporation for thirteen years and he is suddenly given $1,750.00 for past services. Under such circumstances, there was no consideration for the gift. See Beer vs. N. Y. Life Ins. Co., 20 N. Y. Supp. 788.

The trial court awarded judgment to plaintiff as prayed for and we are convinced that it should be and it is hereby affirmed.