Argued April 18, modified June 12, 1928.

# J. E. ENDERS v. NORTHWESTERN TRUST COMPANY.

(268 Pac. 49.)

**Corporations—Officer or Director may Recover from Corporation Reasonable Value of Extraordinary Services Rendered Under Circumstances Implying Obligation to Pay Therefor.**

1. An officer or director of a corporation may recover the reasonable value of extraordinary services if rendered to corporation under such circumstances as to imply an obligation to pay for them.

**Corporations—Directors may, Through By-law, Declare That No Compensation shall be Paid for Services to Officer or Director Without Vote of Directors.**

2. It is within power of board of directors to declare, through by-laws of corporation, that no salary or compensation shall be paid for services, however valuable or extraordinary, to any officer or director without first having been determined by vote of directors.

---

1. Rights of corporate officers or directors to compensation for services outside of their regular duties, see note in 136 Am. St. Rep. 921. See, also, 7 R. C. L. 464. Right of officers and directors to compensation for services in absence of express contract, see notes in 3 Ann. Cas. 734; Ann. Cas. 1915A, 454; L. R. A. 1917F, 310.

125 Or.—43

Corporations—By-law Held to Make Vote of Directors Condition Precedent to Allowance of Compensation to Officer or Director for Extraordinary or Other Services.

3.  By-law of corporation providing that no officer or director shall be entitled to receive any salary or compensation for any services performed by him unless such salary or compensation be voted on by board of directors *held* to make affirmative vote of directors a condition precedent to allowance of compensation to officer or director for any service to corporation, extraordinary or otherwise.

Corporations—Where Plaintiff was Permitted to Recover for Corporation's Use of His Automobile, Evidence of His Expenditures for Repairs Held Improperly Admitted.

4.  Where officer and director of corporation was permitted to recover from corporation for use of his automobile, it was error to admit evidence that he paid out specified sum in repairs, since allowance thereof would amount to double recovery.

---

Corporations, 14a C. J., p. 140, n. 87.

From Multnomah: J. W. KNOWLES, Judge.

Department 2.

MODIFIED.

For appellant there was a brief over the names of *Mr. Elton Watkins,* with an oral argument by *Mr. Johnston Wilson.*

For respondent there was a brief and oral argument by *Mr. Frederick M. De Neffe.*

BELT, J.—Plaintiff's first cause of action is on *quantum meruit* to recover for extraordinary services rendered the defendant corporation alleged to be without the scope of his duties as either a director or vice-president. It is averred that between October 20, 1922, and October 10, 1924, the plaintiff rendered services of the reasonable value of $500 per month, aggregating $11,833.33. During all of such time there was a by-law of the defendant company which provided:

"Article X. No officer or director shall be entitled to receive any salary or compensation for any services performed by him for the company unless such salary or compensation be voted upon by the board of directors."

It is conceded that no vote was ever taken by the board of directors fixing the salary or compensation of the plaintiff. Plaintiff contends that this by-law has no application to services of a managerial nature separate and distinct from the regular duties of an officer or director. The trial court adopted this theory and submitted to the jury the question as to whether the work performed by plaintiff was of the character alleged. Defendant insists that this construction of the by-law is erroneous. It claims that, regardless of their nature or value, the services rendered come within the embrace of this by-law and are controlled by it.

In the second cause of action, plaintiff seeks to recover for money paid out for and on behalf of defendant in the management of its business. It is averred that plaintiff, with the knowledge and consent of the company, made numerous automobile trips in the interest of defendant's business and, by reason thereof, expended various sums of money for "hotel room, meals, gasoline, oil, auto tires and auto repairs," amounting in the aggregate to $2,924.62. It is alleged that no part of this sum has been paid except $1,163, and that there is a balance due of $1,761.62.

The third cause of action is to recover the reasonable value of the use of plaintiff's Dodge automobile which, it is averred, was used in and about the conduct and management of defendant's business. Plaintiff alleges that, between October 20, 1922, and

October 10, 1924, he traveled for and on behalf of the defendant company approximately 27,190 miles and that such use of his automobile was of the reasonable value of $1,903.30.

Verdict and judgment was had for the plaintiff as follows: On the first cause of action, $6,900 together with interest thereon at the rate of 6 per cent per annum from October 10, 1924; on the second cause, $810 together with interest at 6 per cent per annum from October 10, 1924; and on the third cause, $900 with interest as above stated. As against the above sums, the jury allowed the defendant a credit of $300, together with interest thereon at the rate of 8 per cent per annum from February 20, 1923, being the amount due on a promissory note executed by plaintiff which was made the basis of defendant's counterclaim.

1. It is well settled in this jurisdiction that an officer or director of a corporation may recover the reasonable value of extraordinary services if rendered under such circumstances as to imply an obligation to pay for them: *Barrenstecher* v. *The Hof Brau,* 67 Or. 194 (135 Pac. 518); *Baines* v. *Coos Bay Navigation Co.,* 41 Or. 135 (68 Pac. 397); *Mitchell* v. *Holman,* 30 Or. 280 (47 Pac. 616). The rule is clearly and accurately stated in the leading case of *Pew* v. *Gloucester National Bank,* 130 Mass. 391 cited with approval in *Barrenstecher* v. *The Hof Brau, supra,* and also by the United States Supreme Court in *Fitzgerald & Mallory Construction Co.* v. *Fitzgerald,* 137 U. S. 98 (34 L. Ed. 608, 11 Sup. Ct. Rep. 36), to which reference is made.

2. In none of the above cases from this court, however, was there involved a by-law of the corporation relative to compensation. In *Wood* v. *Lost*

*Lake Mfg. Co.*, 23 Or. 20 (23 Pac. 848), the court had under consideration a by-law, but it was held that the work performed pertained to the regular duties of the officer of the corporation. That case is, therefore, not in point. Were we to eliminate the by-law the question at bar would be easily solved. Unquestionably it was within the power of the board of directors to declare, through the by-laws of the corporation, that no salary or compensation should be paid for services, however valuable or extraordinary, to any officer or director, without first having been determined by vote. As stated in 14a C. J., 140:

"Where the bylaws provide that the compensation of certain officers shall be fixed by a certain body or a prescribed mode, no compensation can be recovered where the prescribed action has not been taken."

In Fletcher, Cyclopedia Corporations, Volume IV, Section 2745, it is said:

"Express provisions in the corporate charter or in the bylaws or in statutes, prohibiting the payment of any salaries or other compensation, or allowing compensation to certain officers only, are, of course, controlling."

Also see Thompson on Corporations (3 ed.), § 1845.

The by-law in question was passed at a meeting of the board of directors when plaintiff was elected as one of the members. If the language of the by-law, fairly construed, precludes recovery for services performed outside the scope of plaintiff's duties as a director or vice-president, it cannot, therefore, be said that he has been taken by surprise. He knew full well that if he performed work for which he expected compensation it must be fixed by vote of the board of directors.

3. In our opinion the language of the by-law is clear, unambiguous and susceptible of but one reasonable interpretation, namely, that an affirmative vote of the board of directors is a condition precedent to the allowance of compensation to an officer or director, for "any services" rendered by him for the corporation. There is sound reason for such a rule. The directors of a corporation are trustees of its stockholders and it is their duty to protect such interests. In the instant case the plaintiff made no formal demand for compensation while he was associated with the company. On October 10, 1924, he resigned as director and vice-president of the company and, by letter, thus gave his construction of the by-law in question:

"My time and effort in behalf of the company during the past two years, and since the termination of my contract as sales manager, has been without compensation. I was not an officer during the affair with Messrs. Reid and Johnston, nor up until October 27, 1923; so having acted voluntarily, I shall be glad to grant to the company the benefit of my time, work and expenditure during that period, but am asking the board of directors to fix my compensation for my time as acting executive from October 27, 1923, to date, based upon my earning capacity and effort in the carrying out of the duties that devolved upon my office during that time."

Plaintiff concedes, in this letter, that he is not entitled to any compensation as a director, but does insist that he should be paid for work performed as an "active executive" or officer of the corporation. It is difficult to appreciate the distinction. The by-law places a director and an officer in the same category.

We hold then that the by-law means exactly what it says and that plaintiff is bound thereby. We cannot read into it a provision that compensation may be had for extraordinary services not pertaining to the duties of an officer or director. While there are authorities to the contrary, we think the conclusion reached is supported by the better reasoned cases and, without doubt, will afford protection to stockholders who often invest their money only to find that the assets of the corporation have been destroyed or seriously impaired by extravagnt claims of officers in charge. The instant case well exemplifies the need for this kind of by-law. Plaintiff paid $1,265 for his Dodge automobile, yet we find the extravagant and unreasonable claim of $1,903.30 for its use. A generous jury gave him $900. In support of our construction of the by-law see *Triplett* v. *Fauver,* 103 Va. 123 (48 S. E. 875); *Eddy* v. *Barry,* 99 Ill. App. 266; *Barstow* v. *City R. R. Co.,* 42 Cal. 465; *Henry* v. *Michigan Sanitarium & Benevolent Assn.,* 147 Mich. 142 (110 N. W. 523); *Marks* v. *Rocsand Co.,* 49 Ont. L. Rep. 137.

In *Triplett* v. *Fauver, supra,* the following statute was construed: "There shall be no compensation for services rendered by the president or any director of the corporation unless it be allowed by the stockholders." It was held that this statutory provision prevented the president of the corporation from receiving compensation for services rendered where it was not authorized by the stockholders. *Eddy* v. *Barry, supra,* involved an Illinois statute which provided: "No officer of such association except its secretary can be allowed pay from it for services rendered by him for it." It was held that this statute barred recovery. Plaintiff's claim for compensation

was denied in *Henry* v. *Michigan Sanitarium & Benevolent Assn., supra,* under a statute of Michigan reading thus: "No trustees of said corporation shall be entitled to any compensation except under some special employment by the board. * * *"

In none of the cases cited upon which respondent relies was there involved a by-law so specific and definite in its language as the one under consideration, although *Chandler* v. *Monmouth Bank,* 13 N. J. Law 255, and *Georgetown Mercantile Co.* v. *First National Bank* (Tex. Civ. App.), 165 S. W. 73, fairly support the contention of the plaintiff: *Bartlett* v. *Mystic River Corp.,* 151 Mass. 433 (24 N. E. 780), may be distinguished. In that case, the board of directors passed a resolution of which Bartlett had no knowledge that "no member of the corporation shall receive any compensation for services rendered unless first authorized by the board and his compensation fixed." The services rendered were particularly valuable to the corporation and were performed in good faith under reasonable expectation that compensation would be made. Recovery was upheld on *quantum meruit,* but the court, in referring to the resolution, made this significant statement:

"This vote, however, was not in the nature of a by-law, nor was it necessarily intended to be binding for all time."

Had it been a by-law, it would, no doubt, have been considered in the nature of a contract and therefore controlling. Plaintiff strongly relies on *Bassett* v. *Fairchild,* 132 Cal. 637 (64 Pac. 1082, 52 L. R. A. 611), construing a by-law which provided that "the compensation and terms of office of all officers of the corporation (other than directors)

shall be fixed and determined by the board of directors." The court, in referring to the by-law said:

"This language does not on its face mean that the compensation must be expressly and definitely agreed upon and settled before performance of the services; * * ."

It will thus be seen that the by-law in the above case is not comparable, as to certainty and definiteness, to the one here involved. We conclude that the trial court should have sustained the objection of counsel for defendant to the introduction of any evidence relative to the first cause of action.

4. No objection was made to the submission to the jury of evidence under the issues of the second and third causes of action. We think, however, since plaintiff was fully compensated for the use of his automobile, that it was error to admit evidence that he had paid out the sum of $182.05 in repairs, as this would amount to a double recovery. Certainly plaintiff would not have been able to earn anything for the use of his automobile had he not kept it in repair. We therefore deduct the sum of $182.05 from the amount allowed by the jury, namely, $900, for the use of the automobile.

This case has been long, tedious and expensive. We are not inclined to remand it for a new trial, but will enter judgment such as we think should have been rendered in the light of the record. The judgment of the lower court is reversed and one is here entered in favor of the plaintiff and against the defendant for the sum of $1,527.95, together with interest thereon at the rate of 6 per cent per annum from October 10, 1924, less the sum of $300, together with interest thereon at the rate of 8 per cent per annum from February 20, 1923.

In view of the substantial reduction in the amount of the judgment plaintiff obtained in the lower court, defendant will be awarded costs and disbursements in this court.                                MODIFIED.

RAND, C. J., and BEAN and COSHOW, JJ., concur.