EBEN EATON *vs.* THE INHABITANTS OF FRAMINGHAM.

The application for a jury, by a person aggrieved by the assessment of damages for laying out a town way, as provided in the Rev. Sts. c. 24, § 76, must be made to the county commissioners, at a regular term, or at an adjourned meeting of the board, held within one year from the time of such laying out.

THIS was a proceeding before a sheriff's jury, summoned to estimate the damages sustained by the petitioner, in consequence of the taking of his land by the respondents, for a highway.

The selectmen of Framingham, on the 20th of October, 1848, laid out a highway over the petitioner's land, and made a report of their doings, which was accepted by the town at a legal meeting thereof, called and held for the purpose, on the 9th of November following.   The petitioner, being dissatisfied with the selectmen's estimate of his damages, petitioned the county commissioners for a committee or jury to revise the same.   The petition was dated on the 3d of November, 1849, and filed on the 6th in the clerk's office of the county commissioners.   The commissioners, at a meeting held on the 20th of November, 1849, by adjournment from the September term previous, ordered notice to be given of the application to

21 *

the town of Framingham; and on the 26th of March, 1850, at a meeting held by adjournment from the January term previous, ordered a warrant to be issued to the sheriff, to summon a jury to estimate the petitioner's damages, as set forth in his application. The sheriff proceeded accordingly, and the cause was heard on the 7th of June, 1850. After the jurors were sworn, but before evidence was offered, the respondents objected to any further proceeding under the warrant, on the ground, that the petitioner's application for a jury was not made to the commissioners, or acted upon by them, within, but after the time prescribed by law for that purpose. The sheriff overruled the objection, and the hearing proceeded. The jury rendered a verdict, increasing the petitioner's damages, which was accepted by the court of common pleas; whereupon the respondents appealed to this court.

*J. G. Abbott*, for the respondents.

*C. R. Train*, for the petitioner, argued that the petition might be filed at any time within the year; and referred to the analogous case of the statute of limitations. And he pointed out the distinction in the phraseology of the statute (Rev. Sts c. 24) between the seventy-sixth section, " at any *time*," and the seventy-first section, " at any *meeting.*"

DEWEY, J. This petition for a jury was filed under the provisions of the Rev. Sts. *c.* 24, § 76, which give the right to such jury, if applied for within one year after the laying out, alteration, or discontinuance of a town way. Supposing the filing of the petition with the clerk of the county commissioners to have taken place within one year, the further question is, whether such filing must not be at some regular term of the commissioners, and when the board are in session. It seems to us, that the application prescribed by the statute is an application to a board competent to act in the matter, and that it was intended that the initiatory proceedings should commence before such board, within the term of one year.

The filing of a petition with the clerk in vacation makes no effectual movement in the matter. No authority is given to the clerk to order notice, or issue any process in furtherance of the objects of the petition. Practically, therefore, the effect

of allowing a petition for a jury to be filed in vacation would be, in many cases, a postponement of all proceedings much beyond a year. Suppose a meeting of the county commissioners to be so holden, that a term expires eleven months after the laying out of the road, and the next term is six months subsequent. Here the filing of the petition would virtually be seventeen months after the location of the road. The court are of opinion, that it was the purpose of the statute, that the petition should be filed at some regular term of the commissioners, holden at the time appointed by law, or continued by adjournment; and that such petition must be thus filed within the term of one year. In other cases, it is directly enacted, that a petition may be presented to the court, or filed in the clerk's office, as in the case of a petition for leave to enter an appeal, not entered by mistake. Rev. Sts. c. 81, § 36. So in cases of petition for partition, c. 103, § 7; and in libels for divorce from the bonds of matrimony, c. 76, § 13.

In the absence of any such provision in the present case, we do not feel authorized to give effect to the filing of this petition in the clerk's office in vacation, there being no regular meeting of the commissioners, at which it could have been received and acted upon within the year. The ruling of the court of common pleas, accepting the verdict of the jury, must be reversed, and all further proceedings stayed.