## William Peek v. The Detroit Novelty Works.

*Evidence : Corporations : Statements of directors : Sales.* Statements of individual directors out of session, and not accompanying any official act, and statements made by them in debate while in session, are not competent to prove a completed contract between their corporation and an individual for the sale of stock by the latter to the former.

*Corporations : Directors : Resolutions : Sales.* The adoption by the board of directors of a resolution that the corporation do purchase of an individual whatever stock the latter holds, at what it had cost him, which does not fix the price, or the time or manner of payment, without any further action or dealing with such individual on the footing of a trade, does not constitute such an overture for a purchase as will authorize the proposed vendor upon a tender of his stock to the corporation, to recover the price as on a completed sale.

*Heard April 30. Decided May 5.*

Error to Superior Court of Detroit.

*Moore & Griffin,* for plaintiff in error.

*D. C. Holbrook,* for defendant in error.

GRAVES, CH. J.

The plaintiff, Peek, being the owner of a large number of shares of stock in the defendant corporation, and being also secretary and treasurer for the year preceding April 1, 1873, was, by resolution of the board of directors, passed on the 24th of March, 1873, to take effect on the first of April, removed from his offices. He claims that the stock he so held was by him bargained and sold to the company, and that they became bound to accept and pay for it, but have refused so to do.

The court below came to an opinion adverse to his case and gave judgment against him.

Evidence was refused of statements of individual directors out of session, and also statements made by directors in debate while the board was sitting. I think this ruling was correct. To maintain his action, the plaintiff was required to show that the company in its corporate charac-

ter, as one party, bargained and agreed with him, as another party, for the purchase of the stock as alleged, and he was at liberty to show any negotiation between himself and the company directed to any such bargain.　But the declarations or statements of individual directors, when the board was not in session, and when such declarations or admissions did not accompany any official act, were clearly incompetent; and the statements made in discussion while the board was in session were not negotiations between the company and the plaintiff.　They were merely consultations among the members themselves, of the governing body of the corporation, to enable that party to form a private judgment for its own guidance.

They were not intended to be heard or construed as containing or amounting to an overture from the company, on the one side, to the plaintiff, on the other; but were a natural endeavor by the corporation to elicit the corporate view of the course deemed most advisable.　From the nature of the case they could not possibly be regarded as the utterances of the company to the plaintiff.　It may be said that they were admissible as having some tendency to show what the company determined upon.　Without stopping to decide whether this view might not be repelled on other grounds, it is sufficiently answered by saying, that the evidence was not required or pertinent for any such purpose, since the actual determination reached by the board of directors was declared by resolution, which was admitted in evidence.

Passing to the main and decisive point, I think the evidence did not conduce to show that the company entered into an agreement with the plaintiff to buy his stock.　It is true that the company, acting apart and seeking to arrive at some corporate judgment, satisfied themselves that they would take whatever stock the plaintiff held, at whatever price or prices it had cost him.　And it is also true that the plaintiff, assuming to regard this conclusion which the company had merely reached in their own councils as an overture to himself, subsequently notified his acceptance,

and proceeded to tender one hundred and sixty-six shares, and demanded what he claimed they had cost him.

Now, there is a clear distinction between a determination in the mind of a party to purchase particular property from another, and which that other is willing to sell, and an actual concluded agreement which comprehends a sale. The disposition to negotiate, or even to trade, is not the same as a trade.

The decision in the mind or councils of a party to buy may be settled; but unless such party goes further, and in some way deals with the other on the footing of a trade, unless in some form the minds of the parties are brought into a state of union and concurrence in favor of the specific arrangement or transfer, there can be no bargain; and it appears to me that it is at this point that the plaintiff's case fails.

While the evidence shows that the company had prescribed to itself that it would take whatever stock the plaintiff held at what it had cost him, without knowing, so far as the evidence shows, what it had cost him, and without knowing how he would consent to be paid, and without deciding when, or in what manner, it would be willing to make payment, there is a total lack of proof that the corporation put itself in the attitude of an agreeing party with the plaintiff, and perfected with him the terms of transfer. The determination reached by the directors, as manifested by their resolution, left still unsettled in the corporation councils the mode and time of payment, and also left unsettled the ascertainment of the amount.

And the evidence adduced by the plaintiff shows that different portions of his stock had cost different prices, and that it was not contemplated by him that the company should pay cash, but, on the contrary, that endorsed time paper should be given. These circumstances conduce strongly to support the view that no bargain was made, and militate decisively against the theory that the resolution adopted by the board of directors was open to be considered as an

overture by the company to the plaintiff, and embodying or suggesting the terms of a tendered agreement. The transaction disclosed by the record is, that the company in their own councils went so far as to agree among themselves that they would make the purchase at the rates which the plaintiff had paid; but did not go so far as to agree among themselves upon the mode or time or terms of payment to be assented to on their part, or so far as to ascertain the amount which would have to be paid, and did not come into complete contract relations with the plaintiff, as buyers of his stock.

It was contended for the company on the argument, that the agreement counted on, though for a sale and purchase of stock, was within the statute of frauds, and this position was controverted by the plaintiff. As, however, the plaintiff, as I think, failed in showing that the parties, whether the statute was applicable, or not, actually entered at all into the relation of bargainor and bargainee of the stock, that point does not become material.

I think the judgment of the superior court ought to be affirmed, with costs.

The other Justices concurred.