KALAMAZOO NOVELTY MANUFACTURING WORKS v. NORMAN M. MACALISTER.

*Parol evidence to modify written agreements—Resolutions of appointment.*

Where a private corporation has power to employ a superintendent, the entry in its proper record book, of a resolution of appointment passed by its directors, is admissible to help establish a claim for salary.

Where the immediate issue is whether there was a contract in writing, oral testimony bearing on that issue cannot be excluded on the assumption that such writing exists.

A resolution of appointment is *prima facie* not a contract, and can be withdrawn or altered before acceptance.

The rule excluding oral evidence to affect a written contract does not apply to a corporate resolution appointing an officer, so as to exclude evidence to show the actual establishment of contract relations under it.

Discussion in a board of directors preliminary to an appointment by them and for the sole purpose of reaching a determination, cannot be put in evidence to fix the terms of agreement with the person appointed.

A declaration on the common counts will not support a claim to recover for six months' services at $125 upon evidence of an express agreement for two years' employment at $1,500 a year if satisfactory to the employer.

In a suit to recover salary under a contract of employment "if satisfactory," a question whether the employee gave satisfaction to his employer while employed, is considered too general, unless asked by way of introduction.

Error to Kalamazoo.    Submitted November 19, 1878. Decided January 15, 1879.

Assumpsit.    Macalister recovered against the company in an action for his salary, and the company brings error.    The facts are shown.

*Robert F. Hill* for plaintiff in error.    In a suit for salary fixed by a resolution the declaration should be special, *Carney v. O'Neil*, 27 Mich., 496.    The unrecorded acts of a corporation or of its directors may be proved by parol unless its charter forbids, Field on Corporations, p. 418, § 391; Angell & Ames on Corporations, §§ 283–4; *Bank of U. S. v. Dandridge*, 12 Wheat., 69; *Ross v. Madison*, 1 Ind., 283; 1 Dillon Mun. Cor., §§ 235, 237, 238, and omissions may be supplied by parol testimony, *Millaudon v. First Municipality*, 1 La. Ann., 215; *Prothro v. Minden Seminary*, 2 id., 939; *Vicksburgh R. R. Co. v. Ouachita Parish*, 11 id., 649; *Langsdale v. Benton*, 12 Ind., 466; *Weiden v. Woodruff*, 38 Mich., 130;

*Phelps v. Whitaker*, 37 Mich., 72; *Richards v. Fuller*, id., 161.

*Brown, Howard & Roos* for defendant in error. The records of a corporation are always admissible in evidence against itself, and are the best evidence (Ang. & Ames on Corporations, §§ 228–9; *Jefferson v. Stewart*, 4 Har. [Del.], 82; *N. A. Building Ass'n v. Sutton*, 35 Penn. St., 463; *Hayden v. Middlesex Turnpike Co.*, 10 Mass., 397; *Owings v. Speed*, 5 Wheat., 420), and the corporation cannot alter or impeach them by parol evidence, *Bartlett v. Kinsley*, 15 Conn., 327; *Brady v. Mayor, etc.*, 1 Barb., 584; *People v. Oakland Co. Bank*, 1 Doug. [Mich.], 282; *Coffin v. Collins*, 17 Me., 440; *Hudson v. Carman*, 41 Me'., 84.

GRAVES, J. This case was here in 1877, and was then sent back for a new trial (36 Mich., 327), and having been retried and again determined in favor of Macalister, the company a second time bring error.

The questions now raised differ from any disposed of on the former hearing. The ground of action is of course the same. The claim preferred by Macalister is for six months' salary as company superintendent, together with interest, and the declaration is the common counts alone.

At the trial he swore that he was employed as company superintendent at a salary of $125 per month, and continued in such service six months under and by virtue of a resolution of the board of directors passed by them November 17, 1873. His counsel then offered an entry of the resolution in the book of the secretary of the company, as follows:

"The following resolution was offered by Mr. Kellogg, and was adopted: *Resolved*, That Mr. N. M. Macalister be appointed superintendent of the Kalamazoo Novelty Manufacturing Company for the term of two years, provided he gives satisfaction to the company, at a salary of fifteen hundred dollars per annum. On ballot Mr. Macalister was duly elected and declared superintendent."

The entry was admitted against objections by the company. The grounds of objection were explained as being that it was not shown that the resolution was regularly passed,—that a majority of the board were present or that the minutes had been approved by the board, or that there was any consideration for the resolution so as to bind the company.

These objections have no force. That plaintiffs in error were a private corporation competent to employ Macalister as superintendent on wages, and that the book containing the resolution was the proper record book of the corporation for such matters and actually kept by the secretary, were facts unquestioned. They were tacitly granted.

Hence *prima facie* the entry was an authentic act and record of regular proceedings by the board of directors and the resolve itself a declaration of the corporation, and being so, it was a legitimate item of evidence to help make out Macalister's claim. Having adduced this testimony, Macalister rested, and the company then showed by the person who presided at the directors' meeting when the resolution was adopted that a contract was in fact made at that time between the parties for Macalister's service as superintendent,—that the whole of it was not contained in the resolution, and he was then asked to state whatever was not embraced in the resolution, but the court ruled out all oral testimony so offered on the ground taken by Macalister's counsel, that it had been shown that the bargain was in the form of a written resolution and could not be varied by parol.

In order to exclude oral evidence of a contract on the ground taken, it must be first settled that there is a subsisting written contract between the parties (1 Starkie Ev., 731), and where the immediate issue is whether there is or was a writing covering the contract, it is not competent to exclude oral testimony bearing on that issue upon an assumption of such writing. To do so is to beg the question. It is true Macalister's counsel claimed by

his objection that the resolution embodied the contract. But this was not admitted. The counsel for the company denied it and submitted testimony to prove it did not.

Surely it was not proper to refuse the evidence upon an assumption that the assertion of Macalister's counsel was correct, and the denial on oath wrong. See *Pym v. Campbell*, 36 E. L. & E., 91.

Moreover, the position that the resolution embodied a contract was *prima facie* untenable. It did not contain the mutual assent of the parties. It did not purport to be their joint utterance or the manifestation of their accordant wills, and Macalister's counsel did not understand that it did. He conceived it to be necessary to go outside and give oral evidence of extrinsic facts to connect Macalister with it and link together written and unwritten matter. The resolution was a declaration by the company and which might have been withdrawn or altered before acceptance, and it belongs to those mixed transactions where part is in writing and part not, and to which consequently the rule referred to does not apply so as to exclude oral testimony of what lies in such proof. Wharton Ev., § 1016; 2 Best, note by Am. ed., p. 891; Bishop, Law of Contracts, §§ 57, 58, 62; *Sievewright v. Archibald*, 17 Q. B., 115: 6 E. L. & E., 286; *Pacific Works v. Newhall*, 34 Conn., 67; *Thomas v. Nelson*, 69 N. Y., 118; *Hope v. Balen*, 58 N. Y., 380; *Hutchins v. Hebbard*, 34 N. Y., 24; *Lathrop v. Bramhall*, 64 N. Y., 365; *Joannes v. Mudge*, 6 Allen, 245.

The last question excluded was too general unless put by way of introduction, and no claim seems to have been made for it on that ground. It is not important now.*

The case must go back for another trial.

On reaching this conclusion a suggestion or two seems justified in view of the circumstance that some questions not raised by the record appear to be not very remote.

---

* The question was, "Did the plaintiff give satisfaction to the company as its superintendent while he was so employed?"

The facts offered and excluded are necessarily to be considered as not having arisen in such way as to hinder their introduction, since no such ground was taken by the objection.

But it will not be overlooked that mere internal discussion in the board of directors for the sole purpose of collecting the sense of the body and bringing it to an individual and corporate determination, would not be provable as expressions of the corporate body to Macalister in fixing terms of agreement with him. *Peek v. Detroit Novelty Works*, 29 Mich., 313; *Eley v. Positive Government Security Life Assurance Co.*, L. R., 1 Exch. Div., 88: 16 Eng., 544.

Again, the declaration alleges no special contract. It is confined to the money counts, the count for goods sold and delivered, and the count for work done and materials found, and under this declaration a recovery is sought for six months' service at $125 per month,— not on actual *quantum meruit*, nor on a completely executed express agreement for such time and on such wages, but on an alleged express agreement to hire him two years, provided he gave the company satisfaction, at a salary of $1,500 per year.

The record as it appears now scarcely explains how the claim by declaration and the state of facts apparently relied on are expected to so harmonize in point of law as to justify the result demanded.

It is perhaps not expedient to enlarge on these intimations or further discuss the case.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.