JUNIUS TEN EYCK v. THE PONTIAC, OXFORD & PORT AUSTIN RAILROAD COMPANY.

*Corporations—Services of director as attorney—Contract—Evidence.*

1. In a suit by a director of a railroad company for services rendered in securing the construction of the road, the defendant cannot show that an investment company built the road and is the owner in fact of all the stock, property, and franchises of

the defendant, which corporation exists only in name for the benefit of such investment company, as to which plaintiff's claim is unjust and inequitable, said investment company not being a party to the suit.

2. What is resolved upon at a meeting of a board of directors of a *private* corporation may be proved by the record of the proceedings of the board, if one is kept, and the proceedings entered; but if a record is not kept, or the proceedings are not recorded, parol evidence is admissible to show what was resolved upon, and by what vote it was carried. *Novelty Works v. Macalister*, 40 Mich. 84.

3. Services rendered by a director of a railroad company, who is also an attorney, in procuring aid notes, rights of way, and working up an interest in the construction of the road in the communities through which it is projected, in order to secure aid in its construction by donations and subscriptions, and also in enlisting capitalists in the enterprise, are not embraced in the ordinary duties of a director of the company, and are such as the company may legally contract for; and if rendered at the request of the board of directors the law implies a promise to pay what they are reasonably worth, if such value is not fixed by the resolution of the board.

4. The following propositions are summarized from the opinion of Mr. Justice CHAMPLIN:

*a*—The directors of a corporation are its agents, to whose charge the entire management of corporate affairs is committed, upon the trust and confidence that they shall be cared for and managed within the limits of the powers conferred by law upon the corporation, and for the common benefit of the stockholders

*b*—The directors of a corporation are required to act in the utmost good faith, and in accepting the office they impliedly undertake to give to the enterprise the benefit of their best care and judgment, and exercise the powers conferred solely in the interest of the corporation.

*c*—Although it has been held by some courts that a director cannot enter into a valid contract with the corporation of which he is agent, although it is represented by a majority of the board, yet the decided weight of authority and of reason supports the doctrine that such a contract would be valid.

*d*—It is not necessary to the binding action of a board of directors that each member should take part in its deliberations. The general rule is that a majority of the members of the board constitute a quorum for the transaction of business, and a majority of the quorum have power to bind the corporation by their vote.

Error to Oakland.    (Moore, J.)    Argued February 8, 1889.    Decided February 15, 1889.

*Assumpsit.*    Defendant brings error.  ·  Affirmed.    The facts are stated in the opinion.

*A. C. Baldwin,* for appellant, contended:

1. The question as to the right of directors to pay themselves has been settled by a long current of authorities; citing *Dunstan v. Gas Co.,* 3 Barn. & Adol. 125, which actually covers every material point in the case under consideration.

2. Generally directors are not entitled to compensation for their personal services as such, unless rendered under some express contract or vote of the company; citing *Hill v. Railroad Co.,* 28 Vt. 401; *Pierson v. Thompson,* 1 Edw. Ch. 220; *Holder v. Railway Co.,* 71 Ill. 106; *Gridley v. Railway Co.,* Id. 200; *Cheeney v. Railway Co.,* 68 Id. 570; *Gravel Road Co. v. Branegan,* 40 Ind. 362; *Butts v. Wood,* 38 Barb. 181; *Blatchford v. Ross,* 54 Id. 42; *Gardner v. Ogden,* 22 N. Y. 332; *Butts v. Wood,* 37 Id. 317; *Bank v. Elliott,* 55 Iowa, 104; *Loan Ass'n v. Stonemetz,* 29 Penn. St. 534.

3. A corporation is not liable to promoters for services rendered before the incorporation of the company, unless provided for by its charter or articles of association; citing *Ins. Co. v. Hart,* 31 Md. 59; *Payne v. Navigation Co.,* 10 Exch. 282; *Railroad Co. v. Sage,* 65 Ill. 328; *Railroad Co. v. Ketchum,* 27 Conn. 170; *Frost v. Belmont,* 6 Allen, 152.

*Griffin, Warner, Hunt & Berry,* for plaintiff, contended:

1. ·It is conceded that a director and stockholder cannot recover for the ordinary services due from him as such director, unless an actual contract has been entered into, or a vote taken previous to the service; citing Ang. & Ames. Corp. (10th ed.) § 317, and notes; Abb. Tr. Ev. 380–382; but the rule is otherwise as to duties not imposed upon him as director; citing *Cheeney v. Railway Co.,* 68 Ill. 570; *Shackelford v. Railroad Co.,* 37 Miss. 202; *Hill v. Railroad Co.,* 28 Vt. 401; *Mining Association v. Meredith,* 49 Md. 389; in which last case the court further say that agency for a corporation is not required to be shown by a resolution of the board of directors, or other written evidence, but may be inferred from facts and circumstances.  See, also, *Railway Co. v. Cheeney,* 87 Ill. 446; *Rogers v. Railway Co.,* 22 Minn. 25; *Edwards v. Railway Co.,* 33 N. ` W. Rep. 100;

*Falkiner v. Railway Co.*, 16 Am. & Eng. R. R. Cas. 591; S. C. 4 Ont. Rep. Ch. Div. 350; *Smith v. Railroad Co.*, 102 N. Y. 190; *Railroad Co. v. Tiernan*, 15 Pac. Rep. 544.

CHAMPLIN, J.   The plaintiff is, and for many years past has been, an attorney at law residing in the city of Pontiac, and he brought this action against defendant to recover for expenses paid, and services performed, as agent and attorney of the defendant company, in securing the right of way for its road, and for obtaining aid notes, raising money, securing loans, and making contracts for the construction of its road, covering a period from September, 1881, to November, 1883.

The project originally was to construct a railroad from Oxford to Port Austin, a distance of 84 miles, and a corporation was formed for that purpose on July 23, 1879, with a capital of $672,000, and seven directors. Each director subscribed to 120 shares of $100 each, and plaintiff was one of the directors. Nothing was done under this organization. Two days later the stockholders signed amended articles of association, by which they extended the southern terminus from Oxford to the city of Pontiac, and changed the name of the corporation to the "Pontiac, Oxford & Port Austin Railroad Company." The capital stock was increased to $800,000, and the number of directors to eight. The articles were again amended, on September 24, 1881, by increasing the capital stock to $1,500,000, and changing the terminus so as to extend it from Pontiac to Caseville.

The plaintiff continued a stockholder and director in the corporation until 1884. On December 5, 1881, plaintiff was re-elected attorney for defendant company. Previous to this, and in the same year, he was employed by the board of directors to go to New York to negotiate a loan and obtain a contract for the construction of the road. These services were successfully performed,

and a contract was entered into between defendant and an investment company, bearing date November 12, 1881. On December 20, 1881, the following resolution was passed by the board of directors :

"At a meeting of the board of directors held at Oxford, in the county of Oakland, State of Michigan, on December 20, A. D. 1881, pursuant to call of the president, the following proceedings were had, a full quorum being present: On motion, J. Ten Eyck was duly appointed to attend to the obtaining of right of away along the whole line, and to collect in the notes given along the line in aid of the railroad. The meeting then adjourned.

"JUNIUS TEN EYCK, Secretary."

The plaintiff's counsel was permitted to prove, by oral testimony of the directors, that all of the eight directors were present at the meeting, and voted for the motion, excepting himself. Plaintiff also offered in evidence from the records kept by the corporation the following resolution, passed at a meeting of the board of directors on May 29, 1882, viz.:

"Resolved that the sum of $5,000 per year be paid J. Ten Eyck for his services as attorney and solicitor of this company for and during the two years last passed."

The record shows a quorum present. The plaintiff was also permitted to show by parol that all of the directors were present at the meeting, and each, excepting himself, voted for the resolution. The claims for expenses paid out in the services of defendant were not seriously disputed or resisted at the trial. Testimony was given showing that nearly the entire time of plaintiff was consumed in the service of the company, and his practice as a lawyer was almost entirely given up, clients turned away, and that his services for the company were worth $5,000 annually. The jury returned a verdict for the plaintiff.

The errors complained of may all be summarized under three heads:

1. The court erred in excluding from the jury all testimony relative to the investment company, and the rights acquired and now held by them from the railroad company.

2. In permitting parol evidence to be given of the action of the board of directors in the absence of any record of such action, and in adding to what was shown by the record as to what number of directors were at the meetings of the board, and that they all voted for the motion and resolution, except Ten Eyck, who did not vote.

3. That, being a director of the company, he could not be employed and paid for performing services for the company as attorney or otherwise, and especially would such action be illegal when applied to services already performed.

As to the first point, the error is based upon the fact, which defendant desired to show, that the investment company that built the road are the owners in fact of all the stock, property, and franchises of the Pontiac, Oxford & Port Austin Railroad Company, and the corporation exists only in name, for the purpose of maintaining the franchises of a corporation for the investment company's benefit, and that the claim set up ·is unjust and inequitable as to such investment company, and, if established, would seriously affect their rights and property. We think the court did not err in excluding this testimony. The investment company is not a party to this suit, and the issues sought to be raised cannot be properly tried in this action. If plaintiff's position as a director, and what he has done and represented to the investment company, estop him from asserting any claim against the corporation, such estoppel cannot be set up as a defense in an action at law against the corporation, by it or the investment company.

No notice is taken by the brief of the plaintiff of the

second point, and merely a passing notice in the brief of defendant, and no authority is cited in support of the proposition. What is resolved upon at a meeting of a board of directors of a private corporation may be proven by the record of the proceedings of the board, if one is kept and the proceedings entered, but if a record is not kept, or the proceedings are not recorded, parol evidence is admissible to show what was resolved upon, and by what vote it was carried. *Kalamazoo Novelty Works v. Macalister,* 40 Mich. 84. The rule is different with respect to municipal corporations, when the law requires records of their official action to be kept. *Stevenson v. Bay City,* 26 Mich. 44; *Hall v. People,* 21 Id. 456.

The third point relied upon is one upon which there is an apparent conflict of authority. The directors of a corporation are its agents. The entire management of corporate affairs is committed to their charge, upon the trust and confidence that they shall be cared for and managed within the limits of the powers conferred by law upon the corporation, and for the common benefit of the stockholders. They are required to act in the utmost good faith, and in accepting the office they impliedly undertake to give to the enterprise the benefit of their best care and judgment, and exercise the powers conferred solely in the interest of the corporation. They have no right to represent the corporation, in any transaction in which they are personally interested, in obtaining an advantage at the expense of the company they represent. 1 Mor. Priv. Corp. § 517. But the rule is not an arbitrary one. It is founded on reason, and should not be applied without regard to the circumstances of the case. Although it has been held by some courts that a director cannot enter into a valid contract with the corporation of which he is agent, although the corporation is represented in the transaction by a majority of the board, yet

the decided weight of authority and of reason supports the doctrine that such a contract would be valid.    Id. § 527, and cases cited in note 3.

It is not necessary to the binding action of a board of directors that each member should take part in its deliberations.    The general rule is that a majority of the members of the board constitute a quorum for the transaction of business, and a majority of the quorum have power to bind the corporation by their vote.    It does not necessarily follow that there is impropriety in a member of the board entering into contract relations with the corporation represented by the other members of the board.    There may be cases where there may be manifest propriety in doing so.    Suppose the line of a railroad is laid across land owned by one of the directors, may he not enter into a contract to sell a right of way to the corporation?    Suppose a director is possessed of superior knowledge, skill, or ability to serve the corporation in matters not strictly within the line of his duty as a director, may it not contract with him for his services?

It is true that contracts entered into between agents of the corporation occupying positions of trust and confidence and a corporation will always be scrutinized with jealous care by courts, to see that no advantage is taken of the corporation or the rights and interests of its stockholders jeopardized, but it cannot be said that contracts fairly entered into, and honestly executed, where no one is defrauded or overreached, are invalid.    In this case the circumstances are free from suspicion.    The corporation contracted with him for his services as attorney, and also in procuring aid notes, rights of way, and working up an interest in the construction of the road in the communities through which it was projected, in order to secure aid in its construction by donations and subscriptions, and also in enlisting capitalists in the enterprise.

These were services which were not embraced in the ordinary duties of a director of the company. They were valuable to the corporation, and were such as to which they had a right to agree upon the compensation to be paid; and if his services were engaged for the above purposes, and they were performed, there arose an implied agreement that they should pay what such services were reasonably worth, and this the plaintiff proved upon the trial.

The principle laid down in the line of authorities cited by the learned counsel for defendant has not been followed in this State; but the contrary doctrine was asserted in *Niles v. Muzzy*, 33 Mich. 61, which is in consonance with the views above expressed. Had the board of directors engaged any other person to perform the services rendered by the plaintiff, no question could have been made about their liability to pay therefor. The services were performed by the plaintiff at the request of the board of directors, and the law implies a promise to pay what they are reasonably worth, so far as they have not been fixed by the resolution of the board. *Detroit v. Redfield*, 19 Mich. 383. The plaintiff introduced testimony tending to show that his services were reasonably worth at the rate of $5,000 a year for the entire time claimed by him.

There is another consideration which leads to the same conclusion in this case. During the time for which plaintiff claims pay for services, the members of the board of directors were the only stockholders in the corporation. The resolution and motion above referred to as appearing in the records of the corporation had not only the sanction of the board of directors, but of each individual stockholder of the corporation. They could not be heard to complain as stockholders of their own action as directors, and none of them have complained.

We are all of opinion that there is no error in the record, and that the judgment should be affirmed.

MORSE, CAMPBELL, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.