### LIPSETT *v.* HASSARD.

1. EVIDENCE—LIMITED PARTNERSHIPS—RECORDED RESOLUTION—PAROL EVIDENCE RULE.

Parol evidence to change the effect of an unambiguous resolution, passed by the stockholders of a limited partnership association, conferring authority to sell property and pay indebtedness of the company, is incompetent.

2. BILLS AND NOTES—DEFENSES—RELEASE—CONSIDERATION.

The liability of a joint maker of a promissory note is not terminated by a promise to release not in writing and not supported by any consideration.

3. SAME — EQUITIES — CORPORATE RESOLUTIONS — OFFICERS AND AGENTS ACTING UNDER AUTHORITY—CONTRIBUTION BETWEEN INDORSERS.

By a resolution authorizing a committee of stockholders in a limited copartnership to sell property of the company and reduce its indebtedness, a duty was imposed to apply the receipts proportionably in reducing its indebtedness, and members of the committee who indorsed paper with the defendants can recover only the defendant's proportion of the amount paid on the notes by the other indorsers, decreased by the proper proportion of the receipts from the sale of the partnership property.

Error to Chippewa; Steere, J. Submitted October 22, 1909. (Docket No. 160.) Decided November 5, 1909.

Assumpsit by James L. Lipsett and others against Andrew Hassard upon a promissory note. A judgment for defendant is reviewed by plaintiffs on writ of error. Reversed.

*Sharpe & Handy*, for appellants.

*M. M. Larmonth*, for appellee.

Plaintiffs, defendant, and several others were stockholders in the Soo Milling Company, a limited copartnership organized in 1901 for the purpose of operating a flouring mill in the city of Sault Ste. Marie. The business was a losing venture, and it was necessary to borrow money to carry on the business. The company borrowed money, and the plaintiffs, defendant, and others, seven in all, indorsed the notes here involved, amounting to $6,000, and borrowed money on other notes which were indorsed by the plaintiff and others, but upon which Mr. Hassard was not an indorser. To secure the indorsers on all the notes, the company in December, 1904, executed a mortgage on all its real and personal property for an indebtedness not to exceed $15,000. All the notes specified in the mortgage amounted to $14,000.

At a special meeting of the company, duly called on February 7, 1905, at which plaintiffs and defendant were present, the following resolution was unanimously adopted:

"Resolved, that a committee consisting of J. L. Lipsett, R. G. Ferguson, M. N. Hunt, and E. J. Swart be and are hereby appointed to dispose of the entire stock of merchandise now on hand as quickly as possible at the best prices obtainable and that the mill be shut down as soon as the grain now on hand is ground and that the manager proceed to collect all outstanding accounts and reduce the indebtedness as much as possible."

This committee proceeded to sell the personal property,

on which they realized $12,502.80. Subsequently a receiver was appointed. The mortgage on the real estate was foreclosed, and a further sum was realized. The committee applied this $12,503.80 upon the indebtedness of the company other than the notes here involved. The amount realized upon the foreclosure of the mortgage was applied upon these notes, after which there remained still unpaid thereon $3,411.77. Plaintiffs paid these notes to the bank, which held them and sued the defendant for his share, one-seventh of the amount. The defendant interposed two defenses: *First*, that there was an understanding at the time of passing the resolution of February 7th, that the receipts of the sale should be applied in payment of these notes; and, *second*, that the bank had released the defendant from liability thereon. The case was submitted to the jury upon these two defenses, and verdict rendered in his favor.

GRANT, J. (*after stating the facts*). 1. There is no ambiguity in the resolution under which this committee as trustees acted. Parol evidence of what was said by the stockholders at the meeting or the defendant's understanding of how the proceeds were to be applied is inadmissible. 17 Cyc. p. 588; *Ten Eyck* v. *Railroad Co.*, 74 Mich. 226 (41 N. W. 905, 3 L. R. A. 378, 16 Am. St. Rep. 633); *Kalamazoo Novelty Manfg. Works* v. *Macalister*, 40 Mich. 84; *Oswold* v. *Minneapolis Times Co.*, 65 Minn. 249 (68 N. W. 15); *Dennis* v. *Joslin Manfg. Co.*, 19 R. I. 666 (36 Atl. 129, 61 Am. St. Rep. 805); *Peterborough Railroad* v. *Wood*, 61 N. H. 418. This testimony was inadmissible.

2. Defendant bases his release upon his claim that he went to Mr. Fowle, the president of the bank,—

"To get these notes collected as I did not want them hanging onto me, and he said: "Never mind these notes. You have nothing to do with them. They will be taken care of;' and I went back to Mead (the cashier), and I says: 'You remember now that I do not want

these hanging onto me.' And he says: 'Mr. Fowle told you the notes were all right;' and so I went out with that."

In fact, the defendant and other indorsers were joint makers. If the language amounted to a promise to release, there was no consideration for it. Promissory notes cannot thus be changed by parol. Bishop on Contracts (2d Ed.), § 770.

3. It was the legal duty of these trustees to apply the proceeds of this sale *pro rata* upon all the indebtedness secured by the mortgage. The resolution did not authorize them to pay unsecured indebtedness and such of the notes secured by the mortgage as they might see fit. The obligations of the parties were fixed by the mortgage, and all the notes secured thereby should have been treated alike. There was no proof of any waiver on the part of the defendant. It was therefore the duty of the circuit court to instruct the jury to ascertain the total amount of the debts thus secured, the total amount of receipts from the sales of property, to apply these receipts *pro rata* upon the secured debts, and to render a verdict for the plaintiffs for defendant's share of the notes, provided there was not sufficient to pay them all.

Judgment reversed, and a new trial ordered.

MONTGOMERY, OSTRANDER, MOORE, and McALVAY, JJ., concurred.