SHAW *v.* HEHL.

1. CORPORATIONS—OFFICERS AND DIRECTORS—DEEDS—TRUST RELATIONS—GOOD FAITH.
   A transfer of all the assets of a building and loan association to the secretary, director, and majority stockholder, by a resolution of the board of directors, which met on notice that was not duly mailed to the proper address of one director, who had been selected without his knowledge to act on the board, and which consisted of this director, a brother of the secretary and defendant secretary, was void, because of the trust relations existing between defendant and the association, although there was a previous deed executed to the secretary and a third party, the latter conveying to the defendant, and though the pretext for the deeds was to secure defendant from liability on certain mortgage indebtedness of the corporation for which defendant was personally liable.

2. SAME—MORTGAGES—RATIFICATION.
   *Held*, also, that an earlier deed, which defendant did not appear to have relied on, did not preclude the association from questioning the validity of the subsequent transfer.

'Appeal from Wayne; Codd, J. Submitted October 21, 1915. (Docket No. 3.) Decided December 21, 1915.

Bill by James A. Shaw, as trustee of St. John's Court, No. 949, and others, against John P. Hehl and others for an accounting and reconveyance of certain lands. From a decree for complainants, defendant Hehl appeals. Affirmed.

*Felix A. Doetsch,* for complainants.

*Watson, Safford & Shepherd,* for defendant Hehl.

MOORE, J. This is a bill filed under sections 9757 and 9759, 3 Comp. Laws, by the complainants as stockholders of St. Johns Building Association, for the purpose of setting aside a transfer to John P. Hehl of certain real estate and for an accounting of rents and profits. St. Johns Building Association was organized under Act No. 232, Pub. Acts 1903, in October, 1903. In December, 1903, this association purchased lots 1, 2, 3, 4, and 5 of William C. Maybury's subdivision of lot 10, etc., in Detroit, for the sum of $2,000, and erected a building thereon at a cost of about $6,600. In November, 1904, this property was deeded in the name of the St. Johns Building Association to William I. Wallace, and John P. Hehl as individuals. The ostensible purpose for which this deed was given was to raise money by mortgage to carry on the building operations, it being claimed that the money could be more readily borrowed if the title were in the individuals instead of in the corporation. On the same date, the said William I. Wallace and Elizabeth Wallace, his wife, deeded an undivided one-half interest in said premises to John P. Hehl, which deed was not recorded until October 9, 1908. Certain mortgages were given, and defendant claims he became personally liable

thereon. On December 17, 1909, a warranty deed was placed on record in the office of the register of deeds for Wayne county, which purports to have been executed July 21, 1909, by the St. Johns Building Association, through Louis Hehl (brother of John P. Hehl), as president and John P. Hehl as secretary, to the said John P. Hehl individually, and purporting to convey lots 1 to 5, inclusive. It is claimed by the complainants that these deeds to John P. Hehl were frauds on the building association, and the bill of complaint is filed to have them so declared, and for an accounting; the bill closing with a prayer for general relief. After a full hearing a decree was entered reading in part as follows:

"(*a*) That the deed of July 21, 1909, recorded in Liber 730 of Deeds, on Page 363, Wayne county register of deeds office, and purporting to convey from St. Johns Building Association as grantor, to John P. Hehl, said defendant, as grantee, the premises described in the bill of complaint herein, namely, lots 1, 2, 3, 4, and 5, of Wm. C. Maybury's subdivision, * * * be, and the same is hereby set aside, vacated, and declared null and void.

"(*b*) That the said John P. Hehl be, and he is hereby declared to be, and to have been trustee for the said St. Johns Building Association as to said premises, from and after November 21, 1904.

"(*c*) That as such trustee he shall account to said association as to all his dealings with said premises, and shall account for his official conduct in the management and disposition of the funds and property committed to his charge as a director and officer of said association.

"(*d*) That the said John P. Hehl and Susie Grace Hehl, defendants herein, be directed to reconvey, by good and sufficient deed, to said St. Johns Building Association, that portion of said above-described premises known as lot 5 thereof, and that, in default of such reconveyance, this decree stand in lieu thereof.

"(*e*) That in accordance with the stipulation between counsel in open court on the hearing of this

cause, said lot 5 be and remain subject to the several mortgages given by said John P. Hehl and Susie Grace Hehl, his wife, on or about December 11, 1909, to the Michigan Commercial Insurance Company of Lansing, Mich., and to Clarence K. Peck, respectively, which mortgages hold priority in the order named, the principal of said mortgage to said Michigan Commercial Insurance Company having been heretofore reduced to the sum of $3,100, and the said mortgage to said Peck being in the sum of $500.

"(f) That the title to the portion of said above-described premises, known as lots 1, 2, 3, and 4, heretofore on, to wit, October 27, 1911, conveyed by said John P. Hehl and Susie Grace Hehl to the defendant Geo. C. Hoffman, be declared to be in, and confirmed to, said George C. Hoffman, free of any claims on the part of said association, and of the lien of said mortgages, the said Geo. C. Hoffman having paid for said premises to said John P. Hehl as trustee for said St. Johns Building Association the sum of $3,000. That said St. Johns Building Association execute by its proper officers any necessary deed or reconveyance to quiet the title in said Geo. C. Hoffman, or that, in default thereof, this decree stand as such conveyance."

The decree further provided for a reference to a commissioner for an accounting. A hearing was had before the commissioner. Upon the coming in of his report a decree was made finding there was due to the receiver, who had been appointed during the proceeding, from the defendant, the sum of $1,131.15. An appeal is taken to this court from both of these decrees.

It was the claim of the defendant that the affairs of the association were in a bad way financially, that he was liable for any deficiency upon the foreclosure of the mortgages, that foreclosure was threatened, that no one else would take the property and pay the debts, and that he acted in good faith in taking the deed. We quote from the brief of counsel for the appellant:

"We desire to take up certain points discussed by

counsel for complainants, with which we cannot agree, and point out that, although John P. Hehl may have been ill advised and failed to comply strictly with certain technicalities, he has, throughout his course of dealings with the St. Johns Building Association, maintained clean hands and been guiltless of actual fraud on its members.

. "(1) The notices of the special meetings of the stockholders of the St. Johns Building Association were sent to all of the stockholders.

"(2) A meeting of the stockholders was not necessary, as the power lay in the directors to sell this property.

"(3) Director John S. Bourke was notified to be present at the meeting of the board of directors held January 9, 1909.

"(4) Defendant Hehl, although he was a director, had a right to deal with the corporation.

"(5) There was a consideration for the sale of this property from the St. Johns Building Association to John P. Hehl.

"(6) John P. Hehl, in the course of his transactions with the association, kept well within the rules of fair dealing and was not guilty of fraud."

Because of the relations of defendant to the association, something more than good faith was required. He should have acted within the law.

Following the grouping of counsel, we think it necessary to refer only to groups 3 and 4. Counsel cite, in support of group 4, *Ten Eyck* v. *Railroad Co.*, 74 Mich. 226 (41 N. W. 905, 3 L. R. A. 378, 16 Am. St. Rep. 633) ; *Campau* v. *Driving Club*, 135 Mich. 575 (98 N. W. 267) ; and *Webster* v. *Canning Co.*, 149 Mich. 489 (113 N. W. 7). A reference to these cases will show they are not controlling.

The instant case may be disposed of upon the testimony of defendant alone. His testimony shows that he owned 60 per cent of the stock; that he caused to be elected as directors his brother, himself, and John S. Bourke; the last named had lived at Joseph Campau

street in Detroit, but moved to Logansport, Ind., and was never notified of his election as director.

The defendant's testimony also shows that notice of the directors' meeting at which the conveyance to defendant was authorized was given to Mr. Bourke by mail addressed to him at Joseph Campau street, Detroit, when defendant knew he had moved to Logansport, Ind., and that Mr. Bourke did not attend the meeting. There were present, according to the testimony of defendant, only himself and his brother, and, following a resolution that was then adopted, a deed was made to defendant which alienated all of the assets of the building association of which his brother was president and he was secretary.

Our attention has not been called to any authority which would sustain such a transaction. See *Miner* v. *Ice Co.*, 93 Mich. 97 (53 N. W. 218, 17 L. R. A. 412) ; *German Corporation* v. *Aid Society,* 172 Mich. 650 (138 N. W. 343) ; *Ervin* v. *Railway & Navigation Co.* (C. C.), 27 Fed. 625, and the many cases cited therein.

Counsel say the decree cannot be sustained because of the deed of November 21, 1904. We think it sufficient to say that the bill of complaint set out fully the relations of defendant with the association, the reason for the giving of the deed, the secret conveyance from Mr. Wallace and his wife to defendant, closing with a prayer for general relief. The record also shows defendant was claiming title, not by virtue of the deed of earlier date, but by reason of having the deed of July 21, 1909.

The decree is affirmed, with costs.

BROOKE, C. J., and PERSON, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.