TOLES *v.* DUPLEX POWER CAR CO.

1. CORPORATIONS—SECRETARY OR DIRECTOR WITHOUT POWER TO SELL CAPITAL STOCK.

   The secretary of a corporation as such has no power to sell capital stock, and his being a director gave him no such power.

2. SAME—BOARD OF DIRECTORS AUTHORIZE SALES BY INDIVIDUAL DIRECTORS.

   In view of the fact that the board of directors of a corporation has power, under the statute, to sell its capital stock, where an increase in capital stock had been properly voted by the stockholders, a resolution passed by the board of directors authorizing the directors to sell the increased stock, is *held*, to authorize sale of same by individual directors.

3. SAME—SALE OF STOCK VALID WHERE POWER TO SELL NOT REVOKED—PRINCIPAL AND AGENT.

   Where the directors of a corporation were authorized to sell capital stock it is immaterial, as affecting the validity of a sale, whether such authority emanated from the board of directors or from the general manager so long as such power to sell was not revoked before the sale in question was made.

4. SAME—PRINCIPAL AND AGENT.

   Where the sale of stock by a director as agent of a corporation was within the scope of his authority, the mere fact that the circumstances under which plaintiff bought were unusual would not avoid the sale.

Error to Eaton; Wiest (Howard), J., presiding. Submitted April 7, 1922.   (Docket No. 37.)   Decided July 20, 1922.

Assumpsit by George W. Toles against the Duplex Power Car Company for breach of a contract for the

sale of certain stock.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Philip T. Colgrove, Rosslyn L. Sowers,* and *Burritt Hamilton,* for appellant.

*Lyman H. McCall* and *Thomas, Shields & Silsbee,* for appellee.

CLARK, J.    The facts are stated in *Toles* v. *Duplex Power Car Co.,* 202 Mich. 224, where the plaintiff was said to have an adequate remedy at law which he has pursued to judgment in a cause tried without a jury and in which findings of fact and conclusions of law were made by the court and to which exceptions were taken.    Defendant on error contends:

1. That the equities are with it.    In the opinion above cited, we said there were "no appealing equities either way."    The trial judge reached a like conclusion.    We find no reason to depart from the holding.

2. That Murray, secretary and a director of defendant corporation, had no authority to bind defendant upon a contract to sell plaintiff 1,000 shares of its stock.

Murray, to whom plaintiff applied to purchase 1,000 of the shares, and to whom he made a down payment of $100, gave the plaintiff the following receipt:

"Charlotte, Mich., Oct. 27, '16.

"Received of G. W. Toles one hundred dollars to apply on one thousand shares of Duplex stock.    Bal. to be paid on or before Tues., 31st, noon.

"FRED MURRAY,
"Secy. D. P. Car Co."

Following return of the down payment, refusal to deliver certificates for the shares, and tender of the full purchase price, this suit was brought.

The trial judge held, correctly, that Murray merely as secretary of the corporation had no power to make

the contract.    3 Cook on Corporations (7th Ed.), p. 2509.    And his being a director gave him no such power.    3 Cook on Corporations (7th Ed.), p. 2436.    If, as stated by counsel, the judgment is to be sustained authority to make the contract in question must be brought home to Murray.

On January 17, 1911, the stock was increased and the stockholders resolved, under section 9018, 2 Comp. Laws 1915, that: "*  *  * the directors of said corporation are authorized to sell, at not less than the price so fixed, any part of such increase not subscribed by the stockholders."

And on June 2, 1915, the directors resolved:

"*  *  * the directors of said corporation are authorized to sell at not less than par any part of such increase not subscribed for by the stock-holders."  *  *  *

And on December 1, 1915, the following by the directors:

"It was moved and supported, that we place the unissued capital stock on the market to be sold by the board.    Motion carried."

And defendant's application to the Michigan securities commission, dated December 8, 1915, stated:

"At what price and under what conditions and by whom are such securities to be sold?
"Sold by the directors of the company at par or above."

Defendant insists that the resolutions gave no authority to the individual directors and that the word "directors" in the resolution of June 2d and the word "board" in the later resolution mean "board of directors."

If a resolution be said to be necessary to authorize a sale of the stock, the stockholders covered the subject in the resolution of January 17th.    Speaking of the resolution of June 2d, the trial judge correctly said:

"The resolution of the board of directors authorized individual directors to sell stock. There was no purpose in such resolution if it be held that the board of directors authorized the board of directors to sell stock; for such power comes to the board from law and it would have been a senseless thing to merely declare an existing statutory power."

This reasoning is equally applicable to the resolution of December 1st. The word "board" in that resolution and the word "directors" in the resolution of June 2d must be held to mean the individuals who were directors. And the application to the securities commission expressed again the corporate purpose and plan respecting a sale of the stock.

And the evidence of selling stock is significant. There were sales, all without action by the board of directors as such. The contract of plaintiff was not submitted to the board before refusal. Members of the board testified that Town had full power and authority over the selling of stock. Town instructed the directors including Murray in a general way to go out and sell stock. The company was always in need of money. Town consulted with the directors, urged them to sell stock to raise funds. Murray had attempted to sell. His predecessor in office made sale of stock.

We quote again with approval from the opinion of the trial judge:

"Practical construction of such resolution by the officers of the company prevents defendant from now repudiating the authority repeatedly exercised in its interest and accepted by it. It is held that Mr. Murray as a director had authority to sell stock. And it is of no consequence whether that authority emanated from the board of directors or from Mr. Town, as general manager, for such authority was not revoked before its exercise and could not be repudiated after its exercise; neither did it reserve to Mr. Town power to reject contracts for the sale of

stock or condition such sales upon his acceptance or approval.   Mr. Town did not possess a reserve power to reject contracts for the sale of stock.   Mr. Town did not repudiate the sale of stock made by Mr. Murray, but rejected it, giving as his reason that there was no stock for sale and not that the agent had no authority."

It is urged that the transaction was extraordinary and unusual and that authority was here limited in any event to sales in the usual and ordinary course of business, citing *Nephew* v. *Railroad Co.*, 128 Mich. 599; *Clark* v. *Haupt*, 109 Mich. 212; *Laird* v. *Lubricator Co.*, 153 Mich. 52 (17 L. R. A. [N. S.] 177), and other like cases, which we think are clearly distinguishable.   Here the act was not without the character and purpose and scope of the agent's authority.   It was the very act authorized, selling stock. True the circumstances (see former opinion) which impelled plaintiff to buy and which brought about the refusal were unusual, but they do not avoid the contract made.

Upon the evidence reviewed in the former opinion and herein stated we may not say that the findings of the trial judge are against the clear weight of the evidence, nor that the findings do not support the judgment, which is affirmed.

FELLOWS, C. J., and McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.   WIEST, J., did not sit.