### JACOB v. GRATIOT CENTRAL MARKET CO.

1. Appeal and Error—Judgment Notwithstanding Special Verdict—Evidence.

    On appeal from judgment notwithstanding special verdict plaintiff is entitled to reversal if there was legally sufficient, competent, sustaining evidence.

2. Corporations—Officers.

    Corporations may function only through corporate officers and may be bound only by corporate action.

3. EVIDENCE—CORPORATE ACTS—RECORDS—BEST EVIDENCE.

Corporate acts may be proved by entries upon corporate books which are considered the best evidence of such acts.

4. SAME—PAROL EVIDENCE—CONTRACTS.

Parol evidence of a contract may not be excluded until it is shown there is a subsisting written contract between the parties.

5. SAME—ORAL EVIDENCE OF WRITTEN CONTRACT.

Oral evidence bearing upon immediate issue of whether or not there is a written contract is admissible.

6. CORPORATIONS—RESOLUTIONS—EVIDENCE.

Resolution of board of directors of a private corporation may be proven by record of proceedings if record is kept, otherwise parol evidence is admissible to show what was resolved upon and by what vote it was carried.

7. CONTRACTS—ACTION—STATUTE OF FRAUDS.

In action on a contract for personal services plaintiff must show a valid and enforceable contract not prohibited by the statute of frauds (3 Comp. Laws 1929, § 13417).

8. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING SPECIAL VERDICT—EVIDENCE.

Testimony must be construed most favorably to plaintiff on appeal from judgment notwithstanding special verdict.

9. CORPORATIONS—PRESIDENT—POWERS.

The president of a corporation is only the presiding officer at meetings of the board of directors and stockholders in the absence of corporate action conferring other power upon him.

10. SAME—SECRETARY—POWERS.

The secretary of a corporation, as such, has no power to enter into contracts even though also a director.

11. FRAUDS, STATUTE OF— CONTRACTS—CORPORATIONS—OFFICERS—AUTHORITY.

Claimed memorandum of contract with corporation employing plaintiff to obtain extension of lease is not sufficient to comply with statute of frauds even though signed by president and secretary, where there is no proof of their authority to sign (3 Comp. Laws 1929, § 13417).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 19, 1934. (Docket No. 73, Calendar No. 37,728.) Decided June 4, 1934.

Assumpsit by Ben B. Jacob against Gratiot Central Market Company, a corporation, for sums due under an alleged contract for personal services. Special verdict for plaintiff. Judgment for defendant. Both parties appeal. Affirmed.

*Ralph E. Routier,* for plaintiff.

*Frank C. Cook* and *John P. O'Hara,* for defendant.

POTTER, J. Plaintiff, a resident of Detroit, sued defendant, a Michigan corporation, to recover damages in the sum of $50,000 for breach of contract. Plaintiff's claim is based upon an alleged special contract with defendant corporation by which it agreed to pay him $25,000 to obtain an extension of a lease of premises occupied by it, upon which it did business, which contract plaintiff claims he fully performed, not only obtaining such extension of lease but at the same time a decreased rental. He also included a claimed item of $4,300 of back salary to which he claimed he was entitled by reason of having been employed by defendant at $100 a week for 1932. A motion to dismiss was made and overruled, and plaintiff amended his declaration. Defendant answered and demanded a trial by jury. The case was tried by jury and special questions submitted by the trial court thereto and answered by the jury which found: that defendant's board of directors in August, 1931, passed a resolution employing plaintiff to secure an extension of its lease from Parker-Webb & Company for which plaintiff was to be paid

$25,000; the secretary of the defendant company wrote in longhand and signed such resolution; that no other officer of the corporation signed such resolution; and defendant's board of directors did not pass a resolution employing plaintiff at $100 a week for the year 1932.

Defendant moved for a new trial which motion was subsequently amended. Defendant also moved to dismiss plaintiff's declaration and enter judgment for defendant because no contract was proved which satisfied the requirements of the statute of frauds (3 Comp. Laws 1929, § 13417). The latter motion the court granted and entered judgment for defendant. Plaintiff prosecutes an appeal in the nature of a writ of error, claiming the trial court erred in setting aside the finding of the jury that defendant passed a resolution employing plaintiff at $25,000 to obtain an extension of its lease from Parker-Webb and Alphonse D. Posselius for 30 years; in setting aside the jury's finding that a resolution in longhand written and signed by the secretary of defendant company, found by the jury to have been passed and adopted by the board of directors of defendant, was not so passed and adopted; that the trial court had no right to substitute a negative answer to questions specially submitted to and answered in the affirmative by the jury; that after verdict and judgment without reservation under the so-called Empson act (3 Comp. Laws 1929, §§ 14531–14534), the trial court had no authority to set aside the verdict and judgment for plaintiff and enter judgment for defendant; that the trial court could not consider defendant's requests to charge because they were filed 23 days after the case was submitted to the jury and submitted to plaintiff's attorney 56 days after the case was tried and submitted to

the jury; that the trial court had no right to amend the record after verdict and judgment so as to show questions were reserved which were not reserved on the trial. Although there are 19 errors assigned, grouped as stated above, if there was legally sufficient, competent evidence to sustain the contract of employment and special employment, plaintiff would be entitled to a reversal.

The sole witness testifying to the resolution in writing, claimed to have been signed by the secretary and president of defendant, was plaintiff. He testified he saw such resolution. All of the members of the board of directors of defendant company, including its secretary and president who are claimed to have signed the resolution employing plaintiff, deny the existence of such resolution, deny the subject matter of the resolution was considered at any meeting of the board of directors, and deny any such resolution was ever passed by the board of directors.

Corporations may function only through corporate officers (*People, ex rel. Township of La Grange,* v. *State Treasurer,* 24 Mich. 468); and a corporation may be bound only by corporate action, *Finley Shoe & Leather Co.* v. *Kurtz,* 34 Mich. 89. The transactions and acts of a corporation may be proven by entries upon its corporate books, and such entries are considered the best evidence of the acts of a corporation. *People, ex rel. Attorney General,* v. *Oakland County Bank,* 1 Doug. 282.

Parol evidence is not sought to be introduced to contradict the record of the corporation. It is sought to be introduced for the purpose of showing facts which plaintiff claims were omitted from the corporate record. *Township of Taymouth* v. *Koehler,* 35 Mich. 22. In order to exclude parol evidence

of a contract, it must first be settled there is a subsisting written contract between the parties. *Kalamazoo Novelty Manfg. Works* v. *Macalister,* 40 Mich. 84.

Where, as here, the immediate issue is whether there is or is not a writing covering the contract, it is not competent to exclude oral testimony bearing upon that issue. *Kalamazoo Novelty Manfg. Works* v. *Macalister, supra.* Testimony tending to show there was a resolution in writing passed by the corporation to employ the plaintiff and that he accepted the employment and performed the services for which he claims compensation was therefore competent.

"What is resolved upon at a meeting of a board of directors of a private corporation may be proven by the record of the proceedings of the board, if one is kept and the proceedings entered, but if a record is not kept, or the proceedings are not recorded, parol evidence is admissible to show what was resolved upon, and by what vote it was carried." *Ten Eyck* v. *Railroad Co.,* 74 Mich. 226 (3 L. R. A. 378, 16 Am. St. Rep. 633).

But that is not all. Plaintiff must show a contract valid and enforceable and not prohibited by the statute of frauds (3 Comp. Laws 1929, § 13417). He seeks to recover upon a contract to pay a commission for acquiring a modification of a lease of real estate or a new lease. The facts are in dispute. In the consideration of the case the testimony must be construed most favorably to the plaintiff. The alleged contract is claimed to have been made with defendant corporation which can act only by its board of directors.

"The directors of a corporation are its agents. The entire management of corporate affairs is com-

mitted to their charge, upon the trust and confidence that they shall be cared for and managed within the limits of the powers conferred by law upon the corporation, and for the common benefit of the stockholders." *Ten Eyck* v. *Railroad Co., supra.*

The record of the action of the board of directors or governing body of the corporation is the best evidence of corporate action, but here there is no record of corporate action and every one concerned except plaintiff contends there never was any corporate action taken and therefore never any record thereof, but notwithstanding this contention of defendant it is clearly the rule that parol evidence may be given of corporate action taken though a record thereof was omitted from the corporate minutes. What plaintiff claims was omitted from the corporate records is that at a meeting in August, 1931, a resolution was adopted by the board of directors in substance, in the following terms:

"That Ben B. Jacob, be and is hereby authorized to negotiate and procure from Parker-Webb and Alphonse D. Posselius an extension of the present unexpired leases for a period of 30 years—not to exceed 30 years—at an increase of rental 25 per cent. over and above the present unexpired leases; that when said leases are secured for the Gratiot Central Market Company that Ben B. Jacob be paid $25,000."

Plaintiff contends the passage of this resolution was sufficient to constitute a corporate contract or at least a memorandum sufficient under the statute of frauds to bind defendant corporation. Plaintiff contends this resolution, though not entered upon the minutes of the corporation, was reduced to longhand by the secretary and signed by the secretary and president. It is well settled that in the absence

of corporate action conferring authority upon the president of a private corporation he is only the presiding officer of the board of directors at their corporate meetings and at the meetings of the stockholders. 10 Cyc. p. 903; 7 R. C. L. p. 450.

"Aside from his position as presiding officer of the board of directors and of the stockholders when convened in general meeting, the president of a corporation has by virtue of his office, merely, no greater power than that of any director. Whatever authority he has must be expressly conferred on him by statute, charter, or by-law or the board of directors or be implied from express powers granted, usage or custom, or the nature of the company's business." 14a C. J. p. 93.

The same rule applies to the powers of the secretary of a corporation. The secretary of a private corporation has no power to enter into contracts and the fact she was a director of the corporation gives her no such authority. *Toles* v. *Duplex Power Car Co.*, 219 Mich. 466.

We are unable to find any testimony which indicates that either the president or the secretary of defendant were lawfully authorized to sign the memorandum in question. This memorandum is not sufficient to constitute a contract with the defendant corporation unless it was signed as required by the statute. The plaintiff testifies, however, though it is denied by everyone else concerned, this resolution was signed by the president and by the secretary of the corporation, and hence constitutes a sufficient memorandum within 3 Comp. Laws 1929, § 13417, generally referred to as the statute of frauds. It is not claimed this resolution was signed in the corporate name; that it was under the seal of the corporation; that it was entered upon the corporate min-

utes; that a copy thereof was delivered to plaintiff. It was not a memorandum signed by the party to be charged. While it was not required to be so signed under the statute of frauds, it being sufficient if signed by some person lawfully authorized by the corporation so to sign, proof of authority to sign and bind the corporation is lacking.

There being no authority apparent or proven to authorize the president and secretary to sign this claimed resolution and bind defendant corporation, we think plaintiff not entitled to recover. The judgment of the trial court is affirmed, with costs.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.